268 N.J. Super. 426 (1993)
633 A.2d 1029
INTEK AUTO LEASING, INC., PLAINTIFF-RESPONDENT,
v.
ZETES MICROTECH CORP. AND TESFAYE MITSLAL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 13, 1993.
Decided December 1, 1993.
*427 Before Judges PRESSLER, BROCHIN and KLEINER.
Appellant, Tesfaye Mitslal filed a pro se brief on his behalf and purportedly on behalf of Zetes Microtech Corporation.
Gilbert & Gilbert, attorneys for respondent (Stephen C. Gilbert, of counsel and on the brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
According to the verified complaint of Intek Auto Leasing, Inc., it leased a 1987 Mercedes Benz 300 SDL automobile to defendants Zetes Microtech Corporation and Tesfaye Mitslal. Defendants *428 ceased making the required lease payments, and plaintiff tried unsuccessfully to repossess the automobile, alleging that its reasonable value was $24,200. The complaint, which was filed July 11, 1991, sought damages and repossession of the automobile.
A request to enter default for failure to answer was filed on August 30, 1991. On April 9, 1992, plaintiff filed a notice of motion for leave to enter a default judgment against defendants for $41,496.48, and an order for default judgment in that amount was entered against "defendant"[1] on May 1, 1992. Because the default judgment was sought more than six months after entry of the default, plaintiff moved on notice to defendants. See R. 4:43-2(d) (if party entitled to default judgment does not apply therefor within six months after entry of default, judgment shall not be entered except on application to the court and written notice to defaulting party served at least five days prior to hearing).
In response, a cross-notice was filed on behalf of both defendants for an order vacating the default and for leave to file an answer. The notice was signed only by defendant Tesfaye Mitslal who is not a New Jersey lawyer. Defendant Mitslal's response appears to have been prompted by the plaintiff's demand for the entry of a money judgment. Defendant Mitslal's supporting certification states that he was served with plaintiff's notice of motion, presumably its notice of motion for issuance of a writ of replevin, but that the notice of motion was not accompanied by a complaint. He alleged that he had a meritorious defense, although he did not disclose what it was, and he asserted that if he had been served with the complaint, he would have answered within the time allowed.
The certification of plaintiff's attorney filed in opposition to defendants' cross-motion alleges that the complaint and a notice of motion for a writ of replevin were mailed to each of the defendants on July 3, 1991. Copies of return receipts for mail directed to *429 Zetes Microtech Corporation and to Tesfaye Mitslal are attached to the certification. The certification also alleges that the "file retrieved from prior counsel reflects service of process was effectuated by Guaranteed Subpoena Service" and that "[o]n August 3, 1991, defendant personally acknowledged receipt of the Summons and Complaint which was served upon him."
Two identical forms of acknowledgment of service, both dated August 3, 1991, state, "I Tesfaye Mitshal [sic] acknowledge receipt of a summons, complaint, writ or warrant in the matter of Intek Auto Leasing vs. Zetes MicroTech Corp. Docket Number Ber-L-9180-91 in accordance with [R.] 4-4:6 [sic].[2] Each of these forms bears an illegible signature as well as the certification of Chris LaBadie, a New Jersey notary public, that defendant Mitslal signed it in his presence. Mr. LaBadie has also sworn to affidavits which state that copies of the summons and complaint were personally served on defendant Mitslal, individually and as agent for Zetes Microtech Corporation.
In a further certification to the court in opposition to plaintiff's motion for the entry of a default judgment, Mr. Mitslal denied having been served with the summons and complaint, claimed that the signatures on the forms of acknowledgement of service were not his, and asserted that he was not in default under the lease. He also stated:
I do not know how [plaintiff's attorney] can seek a judgment in the amount of $48,642. Representatives of plaintiff have indicated orally and in writing that my maximum liability to plaintiff did not exceed approximately $12,000 and this representation also includes the fact title to the subject automobile should be in me with nothing else owed.
Plaintiff's motion for the entry of a default judgment was granted and defendants' motion to vacate the default previously entered was denied. Defendants moved for reconsideration, and *430 the motion was argued orally. At that argument, an attorney entered his appearance for both defendants. During the course of the argument, he told the court:
Judge, in all candor and it seems that candor today is the order of the day he does owe the money. I believe he in fact did lease this car. There's no debate about that. It's just a matter that he's indicating he was never aware of the law suit....
In view of Mr. Mitslal's certifications, we interpret the attorney's statement as conceding that his clients owed some amount to plaintiff, but not necessarily the full amount for which judgment had been entered.
The motion judge ruled that without some proffer of a defense, he would not vacate the default. He therefore entered an order reaffirming his prior order for a default judgment against "defendant"[3] for $41,496.48.
Defendant Mitslal, pro se, has appealed to this court.[4] He argues that requiring him to show a meritorious defense as a condition for vacating the default violates his right to due process of law under the United States Constitution; that, in any event, he has a meritorious defense; and that he has shown "good cause" within the meaning of R. 4:43-3 for vacating a default.
As authority for defendant Mitslal's argument that it would be unconstitutional to condition his right to defend on a showing that his defense is meritorious, he relies on Peralta v. Heights Medical Ctr., Inc., 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). In that case the defendant was sued as the guarantor of a hospital debt of $5,600 incurred by one of his employees. Id. at 81, 108 S.Ct. at 897, 99 L.Ed.2d at 79. The defendant admitted that he did not have a meritorious defense, but he contended that if he had been given notice, he would have paid the debt or taken other *431 measures that would have prevented the disadvantageous sale of his property to satisfy the judgment. Id. at 81-83, 108 S.Ct. at 897-98, 99 L.Ed.2d at 79. For the purpose of its decision, the United States Supreme Court assumed that defendant had not been personally served in accordance with Texas law and that "the judgment against him and the ensuing consequences occurred without notice to [him], notice at a meaningful time and in a meaningful manner that would have given him an opportunity to be heard." Id. at 86, 108 S.Ct. at 899, 99 L.Ed.2d at 81. On the basis of these assumed facts, the Court held defendant's right to vacate the judgment could not constitutionally be conditioned on his showing that he had a meritorious defense. Id. at 86-87, 108 S.Ct. at 899-900, 99 L.Ed.2d at 82.
Peralta is inapplicable to the present case. The defendants here did not suffer "consequences [which] occurred without notice... at a meaningful time and in a meaningful manner that would have given them an opportunity to be heard." Id. at 86, 108 S.Ct. at 899, 99 L.Ed.2d at 81 (citing Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66-67 (1965)). They received notice of the action against them when they were served with a notice of motion to enter a default judgment. When they appeared before the Law Division to vacate the default, they had not suffered any adverse consequences. There had been no judgment. If the court had granted them the relief which they sought, they would have had to allege a meritorious defense in their answer or suffer the entry of a judgment against them when plaintiff moved for that relief after their time to answer had expired. The court's insistence on a showing of a meritorious defense as a condition for denying entry of a judgment and for vacating the default was, in the circumstances of this case, tantamount to merely requiring defendants to tell the court the substance of what they would say in their answer twenty days or so later if their motion had been granted. This ruling was not a violation of their constitutional rights to due process of law. Cf. Rosa v. Araujo, 260 N.J. Super. 458, 463, 616 A.2d 1328 (App.Div. 1992) (due process was satisfied where the summons and complaint *432 were not properly served but defendants received them prior to the entry of default judgment, were aware of the nature of the lawsuit and turned the matter over to an attorney), certif. denied, 133 N.J. 434, 627 A.2d 1140 (1993).
However, the certifications submitted to the Law Division show that defendants have a meritorious defense to the amount of the judgment. The affidavit of plaintiff's president claims that the amount due to it is $36,913.11 principal plus interest of $4,583.37, totalling $41,496.48 as of February 29, 1992. Defendants allege that they owe approximately $12,000. If, as defendant Mitslal contends, he was not properly served with a summons and complaint, he should have the opportunity to litigate the amount due.
Plaintiff asserts that its process server, Mr. Chris LaBadie, personally served its summons and complaint on defendant Mitslal, individually and as agent for Zetes Microtech Corporation, on August 3, 1991. On that date, R. 4:4-3 read:
Summonses and writs shall be served, together with a copy of the complaint, by the sheriff or other officer authorized by law or by a person specially appointed by the court for that purpose.
Mr. LaBadie was not "specially appointed by the court" to serve the summons in this matter, and he was not a sheriff or other officer authorized by law for that purpose. Mr. LaBadie states that Mr. Phillip Geron, a constable, appointed him as a deputy constable and he claims that he has the authority to serve summonses by virtue of that appointment pursuant to N.J.S.A. 2A:3-22. However, that statute, which authorizes "sheriffs and constables[5] ... [to] serve or execute all orders and process of the court directed to them within their counties," was repealed by L. 1991, c. 119, § 4, effective April 25, 1991. It was replaced by N.J.S.A. 2B:6-3 which states:

*433 a. The sheriff shall be responsible for service, or execution and return of process, orders, warrants and judgments directed to the sheriff, and shall be entitled to compensation provided for by law and subject to the regulations and penalties pertaining to this service, execution and return.
b.... .[6]
Service of the summons and complaint in this case was nevertheless valid if it was duly acknowledged by the defendants. R. 4:4-6 ("A[n] ... acceptance of service of a summons ... signed and acknowledged by the defendant ... shall have the same effect as if the defendant had been properly served.") However, defendant Mitslal claims that the purported signatures on the forms of acknowledgment are not his. Because Mr. LaBadie was not authorized to serve the summons and complaint, his return of service is not entitled to a presumption of validity. Cf. Garley v. Waddington, 177 N.J. Super. 173, 180-81, 425 A.2d 1084 (App.Div. 1981) (general rule in New Jersey is that a sheriff's return of service is part of record and raises presumption of facts therein); Goldfarb v. Roeger, 54 N.J. Super. 85, 89-90, 148 A.2d 189 (App. Div. 1959) (sheriff's return of service is part of record and raises presumption that facts recited therein are true). Consequently, an evidentiary hearing will be necessary to determine the authenticity of the signatures on the acknowledgments. See Conforti v. Guliadis, 245 N.J. Super. 561, 565, 586 A.2d 318 (1991) (Trial court's decision of contested issues of material fact based solely on affidavits and without the benefit of considering the demeanor of witnesses is contrary to fundamental principles of legal practice), aff'd as modified, 128 N.J. 318, 322-23, 608 A.2d 225 (1992). Plaintiff will have the burden of proof. If the court finds that Mr. Mitslal's acknowledgment is not valid, new service of process will be necessary, but the trial court may authorize plaintiff or its attorney to effect personal service on defendant Mitslal, in court or elsewhere.
*434 Furthermore, even if defendant Mitslal's acknowledgement is valid, there is sufficient doubt about the amount of his obligation to plaintiff to require a proof hearing, in which he should be permitted to participate, to clarify the amount to which plaintiff is entitled.[7]
The order appealed from is reversed as to defendant Mitslal. Since the defendant corporation did not appeal, the judgment against it will stand. The case is remanded to the Law Division for further proceedings not inconsistent with this opinion.
NOTES
[1] Presumably this reference to "defendant" is a clerical error and plaintiff and the court intended to enter judgment against both defendants.
[2] R. 4:4-6 states:

A general appearance or an acceptance of the service of a summons, signed by the defendant's attorney or signed and acknowledged by the defendant (other than an infant or incompetent), shall have the same effect as if the defendant had been properly served.
[3] Again, presumably, this reference to "defendant" is a clerical error and plaintiff and the court intended to enter judgment against both defendants.
[4] No notice of appeal has been filed on behalf of the corporation. The brief filed by Mr. Mitslal purports to have been filed on behalf of both defendants, but a corporation can appear only by a New Jersey attorney. R. 1:21-1(c).
[5] Sheriffs are authorized by statute to appoint sheriff's officers and deputies who are empowered to serve process. N.J.S.A. 40A:9-117; -117.3; -117.6 We do not find any statutory authorization for constables to appoint deputies.
[6] Paragraph b deals with service of process by officers of the Special Civil Part of the Law Division as provided by court rule for matters pending in that Part. The present case was pending in the General Civil Part of the Law Division.
[7] If plaintiff still wants and requires the assistance of the court to compel defendants to disclose the present whereabouts of the car, no doubt that assistance can be obtained by an appropriate application.