747 A.2d 796 (2000)
329 N.J. Super. 285
Ivan and Frema SOBEL, Plaintiffs-Respondents,
v.
LONG ISLAND ENTERTAINMENT PRODUCTIONS, INC., Lisa Hart, Individually, John Doe, Jane Doe and ABC Corp. (fictitious names), Defendants, and
Stan Hart, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 2000.
Decided March 28, 2000.
*797 Peter A. Marra, for defendant-appellant (Schenck, Price, Smith & King, Morristown, attorneys; Mr. Marra, of counsel and on the brief).
Sherry L. Silver, Florham Park, for plaintiffs-respondents (Haber & Silver, attorneys; Ms. Silver, on the brief).
Before Judges BAIME, BROCHIN and EICHEN.
The opinion of the court was delivered by BROCHIN, J.A.D.
Plaintiffs Ivan and Frema Sobel filed a complaint which named Long Island Entertainment Productions, Inc., Stan Hart and Lisa Hart as defendants. The complaint alleged that the defendants had contracted with plaintiffs to provide music and entertainment for plaintiffs' son's bar mitzvah party, that defendants had breached the contract, and that plaintiffs had suffered damages as a result. (The details of the alleged breach and damages are immaterial to the issue raised by this appeal.)
*798 According to the affidavits of plaintiffs' process server, summonses and copies of the complaint were served as follows on all three defendants on May 27, 1997 at 25 W. Jefryn Boulevard, Deer Park, New York:
[1] on Long Island Entertainment Productions Inc., the defendant[,] a [New York] domestic corporation, by delivering a true copy of each document to Lisa Hart personally (in hand). Said Lisa Hart is an officer and authorized agent of said corporation and the premises is defendant[']s actual place of business within the State of New York;
[2] on Lisa Hart, the defendant[,] by delivering a true copy of each document to Lisa Hart personally (in hand). Said premises is defendant[']s actual place of business within the State of New York.
[3] on Stan Hart, the defendant[,] by delivering a true copy of each document to Lisa Hart a person of suitable age and discretion. Said premises is defendant[']s actual place of business within the State of New York.
Deponent enclosed a copy of same in a postpaid envelope properly addressed to the defendant at defendant[']s last known place of residence, at 25 W. Jefryn Blvd., Deer Park, New York and deposited said envelope in an official depository under the exclusive care and [custody] of the U.S. Postal Service.
No answers were served. A default was entered on September 29, 1997. At the direction of the court, plaintiffs filed a motion on April 16, 1998 to renew the entry of default. Plaintiffs sent notice of that motion to each of the defendants by regular and certified mail in care of "Hart to Hart, 25 W. Jefryn Boulevard, Deerpark, New York 11729." It was unopposed, and a default was subsequently entered.
An ex parte proof hearing was conducted on September 24, 1998. At the commencement of the hearing, the judge inquired whether an answer had been filed and was told that a default had been entered. The judge then asked, "How was service made?" Plaintiffs' attorney answered, "On personal service, Your Honor, byand I'm actually not sure if it was a Nassau County sheriff or some other...."
The colloquy then continued as follows:
THE COURT: In other words, out of state?
MS. SILVER [plaintiffs' attorney]: Yes, it was, Your Honor, theybut they were personally served. The affidavit of service accompanied the request to enter default.
Because the complaint alleges that the music and entertainment which are the subject of the suit were intended to be provided in New Jersey, some services were provided here, and the breaches occurred in this State, the court noted that there were "adequate minimum contacts" so that in personam jurisdiction over defendants could be acquired by long-arm service. See R. 4:4-4(b)(1); Blakey v. Continental Airlines, Inc., 322 N.J.Super. 187, 199, 730 A.2d 854 (App.Div.), certif. granted in part, 162 N.J. 126, 741 A.2d 94 (1999); Harley Davidson Motor Co. v. Advance Die Casting, Inc., 292 N.J.Super. 62, 72-74, 678 A.2d 293 (App.Div.1996), aff'd, 150 N.J. 489, 696 A.2d 666 (1997).
On the basis of the proofs presented, a judgment was entered November 6, 1998 in favor of plaintiffs and "against defendants, Long Island Entertainment Productions, Inc.; Stan Hart and Lisa Hart, Individually, in the amount of $20,332.50, plus prejudgment interest ... for a total judgment of $21,916.21."
Defendant Stan Hart moved before the Law Division by notice of motion dated January 20, 1999 to vacate the default judgment pursuant to R. 4:43-1 and R. 4:50-1. He alleges in his certification in support of his motion that he "was never an employee, officer or director of Long Island Entertainment, ... never received any compensation" from that company, and does not know anyone named Lisa Hart. He states that his son, Richard Hart, formerly worked for Long Island *799 Entertainment, and that his own involvement with the company "consisted of occasionally giving my son advice and assisting in the handling [of] problems with the business" and "tak[ing] messages." Mr. Hart certifies that his only contact with plaintiffs was to take a telephone message from them in which they complained about their promissor's performance of its contract.
According to Mr. Hart's certification, the first document he received relating to the lawsuit was a letter forwarded to him in August or September 1998 by the company which purchased the assets of Long Island Entertainment. Mr. Hart responded by writing the court that he was not responsible for the debts of Long Island Entertainment because he was not an employee, officer or director of the company and also stated that he was "unavailable to appear" because he was about to leave for an extended trip to Europe. He claims that the next information he received about the suit was a copy of the November 9, 1998 judgment which was faxed by the attorneys for the purchasers of Long Island Entertainment's assets to the New York attorney representing him in other litigation. He then immediately retained the New Jersey attorneys, who promptly filed a motion to vacate the default judgment.
The reply certification filed by plaintiffs' attorney alleges that Richard Hart, Stan Hart's son, contacted him shortly after the summonses and complaints were filed and, on behalf of Stan Hart, requested a copy of the summons and complaint. Plaintiff's attorney sent the summons and complaint to Richard Hart enclosed in a letter dated July 8, 1997, directed to the same address as that at which the summonses and complaints had been served. A motion to renew the default was sent to the defendants at that address in April 1998.
Stan Hart's New York attorney responded by a letter dated May 6, 1998 to plaintiffs' attorney. A copy is annexed to plaintiffs' attorney's certification. The letter states:
This firm represents Stan Hart. I have called you several times to discuss your motion for an Order granting the entry of a default.
I hope that you will return my call today. I want to discuss your motion as it relates to Stan Hart. He was never served. He knows no Lisa Hart.
Please call me.
On the basis of this letter, plaintiffs' attorney's certification states, "[Stan Hart] is clearly lying when he states in paragraph 7 of his Certification that the first document he received relating to this [lawsuit] was in August or September of 1998." Mr. Hart filed a reply certification in which he denies that he requested a copy of the summons and complaint from his son in July 1997, reiterates that he did not know of the lawsuit at that time and that the first document he received relating to the lawsuit was in August or September 1998. He claims that he did not remember his conversation with his New York lawyer about the lawsuit, although he admits that he was aware in May 1998 that he was being sued. He continues, "I believed that the lawsuit had been dismissed with respect to me because I did not hear anything else about this suit until August or September 1998."
Because the May 6, 1998 letter from Stan Hart's New York attorney proves that Mr. Hart "had ample notice of the lawsuit and opportunity to defend," the Law Division denied his motion to vacate the default judgment.
Stan Hart, but not the other two defendants, has appealed. He argues that "[t]he trial court abused its discretion in denying defendant Stan Hart's motion to vacate default judgment because defendant was never served with the summons and complaint, defendant's failure to appear was excusable and he has a meritorious defense." Plaintiffs argue to the contrary, relying principally on Rosa v. Araujo, 260 *800 N.J.Super. 458, 616 A.2d 1328 (App.Div. 1992), certif. denied, 133 N.J. 434, 627 A.2d 1140 (1993).
The summons and complaint in this matter were clearly not served on Stan Hart in accordance with the New Jersey Court Rules. First of all, a prerequisite for serving a defendant outside the State is an "affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service" cannot be effected within the State. R. 4:4-4(b)(1). Secondly, plaintiffs attempted to effect personal service outside the State by having a New York process server make personal delivery of the summons and complaint, but the process server failed to comply with the requirements of the applicable rule. See R. 4:4-4(b)(1)(A). That rule specifies that "personal service in a state of the United States" shall be made "in the same manner as if service were made within this State, except that service shall be made by a public official having authority to serve civil process" in that other state. Ibid. The manner of service prescribed for obtaining in personam jurisdiction over
a competent individual of the age of 14 or over [is] by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf....
[R. 4:4-4(a)(1).]
Plaintiffs do not claim that the summons and complaint were delivered to Stan Hart personally or that the place at which it was served was his "dwelling place or usual place of abode." They have offered no proof that Lisa Hart, the person to whom the summons and complaint were delivered, was a member of Stan Hart's household or someone authorized to receive service on his behalf, and Stan Hart denies that he knows anyone by that name, thereby implicitly denying any relationship or authorization.
Plaintiffs have not offered any proof that Stan Hart learned of the lawsuit earlier than some time shortly before July 8, 1997, and Stan Hart claims he learned of it for the first time in May 1998. In either event, however, he had ample time to answer or otherwise move with respect to the suit before a default judgment was entered November 6, 1998, and he did not do so until his January 20, 1999 motion to vacate. We conclude, therefore, that entering the default judgment and declining to vacate it was not a violation of Stan Hart's rights to due process of law. See Davis v. DND/Fidoreo, Inc., 317 N.J.Super. 92, 97, 721 A.2d 312 (App.Div.1998), certif. denied, 158 N.J. 686, 731 A.2d 45 (1999) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950)). See also O'Connor v. Altus, 67 N.J. 106, 335 A.2d 545 (1975).
However, that is not the end of the story. It is true that although our service-of-process rules prescribe particular procedures for effecting service in order to acquire in personam jurisdiction, default judgments will not be vacated for minor flaws in the service of process. For example, delivery of a summons and complaint to someone at the defendant's home who transmits them to the defendant in a timely fashion will be treated as valid service of process even if the recipient of the process was not a member of the defendant's household. See Rosa, supra, 260 N.J.Super. 458, 616 A.2d 1328. Delivery of a summons and complaint to an assistant bank manager who is authorized to accept service of process on her bank and who represents that she is authorized to accept service for a subsidiary of the bank will be valid service on the subsidiary even though she was not an employee of the subsidiary or authorized to accept service on its behalf. *801 Davis, supra, 317 N.J.Super. at 97, 721 A.2d 312. Service which a court order authorized to be made by certified mail, deliverable only to the defendant was valid even though the summons and complaint were mailed to a corporation of which the defendant was a principal and forwarded by a postal clerk to his residence. DeGroot v. Camarota, 169 N.J.Super. 338, 341-42, 404 A.2d 1211 (App.Div.1979). Even substantial deviations from the prescribed procedures may be insufficient to require vacating a default judgment based upon flawed service if rights of an innocent third party have intervened. See Sonderman v. Remington Constr. Co., Inc., 127 N.J. 96, 106, 603 A.2d 1 (1992) ("even owners who have been deprived of a property interest without notice can by their delay and the reasonable reliance of others lose the right to attack a judgment"); City of Newark v. Block 1854, 244 N.J.Super. 402, 582 A.2d 1006 (App.Div. 1990); Last v. Audubon Park Assocs., 227 N.J.Super. 602, 548 A.2d 236 (App.Div.1988), certif. denied, 114 N.J. 491, 555 A.2d 613 (1989).
But, even without a violation of due process, a default judgment will be set aside for a substantial deviation from the service of process rules. The rules themselves imply that result. R. 4:4-4(c) reads as follows:
Optional Mailed Service. In lieu of personal service prescribed by paragraph (a)(1) of this rule, service may be made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto. If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule, and the time prescribed by R. 4:4-1 for issuance of the summons shall then begin to run anew. (Emphasis added.)
In other words, by the terms of the rule, it is not sufficient that a defendant somehow receive a copy of the summons and complaint within sufficient time to file an answer. Even in a case where out-of-state service by mail would have been permissible if a affidavit of diligent inquiry had been filed showing that in-state service could not be accomplished, see R. 4:4-4(b)(1)(C), service by mail which fails to comply with the rules will not confer in personam jurisdiction. R. 4:4-4(c). Cf. Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493, 86 A.2d 201 (1952) ("The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with. Any defects ... are fatal and leave the court without jurisdiction and its judgment void."); Berger v. Paterson Veterans Taxi Serv., 244 N.J.Super. 200, 204-05, 581 A.2d 1344 (App.Div. 1990).
In Intek Auto Leasing, Inc. v. Zetes Microtech Corp., 268 N.J.Super. 426, 428-29, 633 A.2d 1029 (App.Div. 1993), the defendants were initially served by mail and they signed receipts. But the service by mail was ineffective to confer in personam jurisdiction. The plaintiffs alleged that the defendants had acknowledged service with the same effect as if they had been personally served. The defendants, however, contested the authenticity of their signatures. We ordered the trial court to vacate the default judgment if plaintiffs failed to prove the validity of the acknowledgments. Id. at 433-34, 633 A.2d 1029.
Wohlegmuth v. 560 Ocean Club, 302 N.J.Super. 306, 695 A.2d 345 (App.Div. 1997), is a case whose facts are somewhat analogous to those of the present case. The suit was brought against a partnership and an employee of the partnership who was not a partner. The plaintiff purported to serve the employee by mailing him the summons and complaint by both regular and certified mail, apparently directed to him at his residence, and by causing a process server to deliver the documents to a secretary employed by the partnership at its regular place of business. No answers were filed and a default *802 judgment was entered against both the partnership and the employee. A judgment creditor successfully executed against property of the employee. Only the employee appealed.
The defendant had actual notice of the suit, but neither of the methods of service which were used complied with the applicable rules for obtaining in personam jurisdiction. We declared that there was no "affirmative duty on the part of a party who was improperly served to take any protective action" unless his "conduct after being notified of the action ... estop[s] the defendant from challenging the service of process." Id. at 311, 695 A.2d 345. Citing Garza v. Paone, 44 N.J.Super. 553, 131 A.2d 32 (App.Div.1957), for the proposition that a default judgment entered without proper service was "absolutely void and of no legal effect for any purpose," we held that, unless laches or estoppel intervened, the defective process would void the default judgment and the funds secured by execution would have to be returned. Id. at 313-14, 695 A.2d 345.
The record before us in the present case does not disclose conduct on the part of defendant Stan Hart which would support either laches or estoppel. His motion to vacate should therefore have been granted. See Wohlegmuth v. 560 Ocean Club, supra, 302 N.J.Super. 306, 695 A.2d 345.
The judgment appealed from is therefore vacated and the case is remanded to the Law Division to afford defendant the opportunity to answer or otherwise move and, if appropriate, for trial.