NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5275-15T4

RICHARD KELLY, as executor
of the ESTATE OF JACQUELINE
E. KELLY,

 Plaintiff-Appellant,

v.

GENCO REMODELING, INC., GENE
LOMBARDI, and DONNA LOMBARDI,

 Defendants,

and

PAUL VERNA,

 Defendant-Respondent.

 Argued August 30, 2017 – Decided September 25, 2017

 Before Judges Alvarez and Gooden Brown.

 On appeal from Superior Court of New Jersey,
 Law Division, Mercer County, Docket No. L-
 2824-08.

 Grant S. Ellis argued the cause for appellant
 (Archer Law Office, LLC, attorneys; Mr. Ellis,
 on the briefs).

 Christopher J. Amentas argued the cause for
 respondent (Carosella & Associates, PC,
 attorneys; Mr. Amentas, on the brief).
PER CURIAM

 In this case, we affirm a trial judge's order vacating a

default judgment. Jacqueline E. Kelly sued defendant Genco

Remodeling, Inc. under the Consumer Fraud Act, N.J.S.A. 56:8-1 to

-20. In 2007, Kelly hired Genco to install windows in her home.

The complaint alleges "Defendants, Gene Lombardi, Donna Lombardi

and Paul Verna were the agents, successors, incorporators or owners

of the Defendant, Genco Remodeling, Inc." The complaint further

contends, "[Genco] was merely an alter ego of said individual

Defendants, that said Defendants are thus liable to the Plaintiff

for damages jointly, individually and in the alternative."

Unfortunately, Kelly died during the pendency of the litigation.

The caption was amended accordingly and Kelly's estate substituted

as plaintiff.

 On March 3, 2009, a default judgment in the amount of $47,400

was entered against the defendants "individually, severally and

in the alternative." Only Verna is involved in this appeal. It

is undisputed that he was Genco's registered agent and an

accountant who prepared tax returns for Genco.

 On July 11, 2014, the default judgment against Verna was

vacated. During the course of oral argument on a subsequent

motion, Verna's counsel said that he had mailed a copy of the

motion, with a proposed answer attached, to the estate's counsel.

 2 A-5275-15T4
He acknowledged, however, that the order vacating the default was

not forwarded. When the court sent the estate notice regarding

pretrial discovery, the estate promptly filed an application to

set the order aside, which application was denied on August 18,

2015. The estate unsuccessfully sought leave to take an

interlocutory appeal of the order.

 After an April 13, 2016 settlement conference, the parties

agreed that the litigation would be dismissed with prejudice, as

Kelly was not available to testify, but that the estate retained

the right to appeal the order vacating the default and the order

denying the motion to reinstate. We now affirm.

 The estate's proofs of personal service on Verna all refer

to an address in Sewell. The Sewell property is apparently the

residence of the Lombardi defendants and presumably the

headquarters of Genco. One of the sheriff's returns of service

indicated that the daughter of the Lombardi defendants, Christina

Lombardi, accepted service. Other documents were acknowledged,

allegedly for Verna, by Donna Lombardi.

 When deposed on June 24, 2015, Verna denied being related to

the Lombardis, having socialized with them, having ever been to

the Sewell address, or having been financially involved with the

corporation or with any of the individual defendants. His

relationship to Genco and the Lombardis was limited to the

 3 A-5275-15T4
preparation of corporate tax returns and his agreement to act as

Genco's corporate agent. Verna's services for Genco appear to

have ended on July 14, 2009. He also denied any knowledge of the

underlying claim.

 On June 14, 2011, Verna completed an information subpoena

after the entry of judgment. When deposed, he said that he was

served by the sheriff with the form at his Thorofare office, not

at the Sewell address. Verna is a resident of Media, Pennsylvania.

He recalled completing the form while the sheriff waited and wrote

"N/A" across all the questions. Verna also added below his

signature, "ACTED AS REGISTERED AGENT AND ACCOUNTANT FOR CLIENT

ONLY." Verna assumed that his involvement in the case would end

once he responded. He did not contact his attorney to address the

matter until the judgment was discovered during a title search.

 The estate disputes Verna's claim that the information

subpoena was served upon him at his Thorofare office. The

Gloucester County Sheriff's Office filed an affidavit of service

regarding the completed information subpoena that stated as

follows:

 Date of Action 6/14/2011 Person/Corporation Served PAUL VERNA
 Time of Action 100 COUNTY HOUSE ROAD
 Sewell, NJ

 ATTEMPTS DATE TIME Delivered to N/A
 Relationship N/A

 4 A-5275-15T4
 Types of Action OTHER

 COMPLETED INFORMATION SUBPOENA

From this affidavit, the estate contends Verna's testimony at

deposition was false.

 When the judge initially heard the estate's motion to set

aside the order vacating the default, he reserved decision,

directing that Verna be deposed and that Verna supply his 2006,

2007, and 2008 tax returns for in camera inspection to confirm

that he reported no income from Genco. The estate argued at the

motion, as it did before us, that Verna was not being truthful

regarding his limited involvement with Genco or the Lombardis.

 The estate deposed a representative from the Gloucester

County Sheriff's Office regarding protocols for service of

process. Although the officer who actually served the information

subpoena in this case had retired, the representative who was

called described office standards and the disciplinary

consequences for employees who fail to abide by them. The purpose

of deposing the sheriff's officer was to demonstrate that the

return of service on Verna for the information subpoena proved he

was served at Sewell, not Thorofare, and that he was lying when

he said he had never been to that address.

 The court denied the estate's motion after receiving the

transcript of Verna's deposition, and before receiving a copy of

 5 A-5275-15T4
the sheriff's representative's deposition. The judge held that

pursuant to R. 4:50-2, the order vacating the default was proper.

The issue of the timeliness of the application was not dispositive

because, he observed, citing Farrell v. TCI of Northern N.J., 378

N.J. Super. 341, 353-54 (App. Div. 2005), when the judgment was

not "transmitted to the party complaining of it, the timeliness

of the application is measured by when the party had actual

notice." Even if Verna had filled out an information subpoena,

that would not obviate the need for proper service of the

underlying complaint. Once Verna later learned of the actual

existence of the default judgment, he was diligent in seeking to

have it set aside. Therefore, the judge did not agree that Verna's

original application to vacate the default judgment was untimely.

He opined that the interest of justice required that the order

remain in place. Furthermore, "if Verna's allegations are true,

Verna would have a meritorious defense to liability." It would

be "legally incorrect to hold Verna liable in default if the facts

presented would not sustain any liability on the part of Verna for

the transaction. . . ."

 On appeal, plaintiff raises the following points:

 POINT 1: THE DEFAULT JUDGMENT SHOULD NOT HAVE
 BEEN VACATED.

 A. STANDARD OF REVIEW AND MOTION STANDARD.

 6 A-5275-15T4
 B. RESPONDENT FAILED TO DEMONSTRATE THE
 CERTIFICATION OF SERVICE WAS INVALID BECAUSE
 RESPONDENT'S TESTIMONY ALONE WAS LEGALLY
 INSUFFICIENT TO CONTROVERT THE AFFIDAVITS OF
 SERVICE.

 C. RESPONDENT FAILED TO PROVE THE JUDGMENT
 IS VOID BECAUSE HIS TESTIMONY IS NOT CLEAR AND
 CONVINCING EVIDENCE IMPEACHING THE AFFIDAVIT
 OF SERVICE.

 D. WHEN RESPONDENT'S DELAY IN MOVING TO
 VACATE THE DEFAULT JUDGMENT AND THE RELATIVE
 PREJUDICE TO APPELLANT AND RESPONDENT ARE
 WEIGHED, THE DEFAULT JUDGMENT SHOULD NOT BE
 VACATED.

 POINT 2: IN THE ALTERNATIVE, THE TRIAL COURT
 SHOULD NOT HAVE REACHED A DECISION PRIOR TO
 ALL THE EVIDENCE BEING SUBMITTED AND [SHOULD
 HAVE] HELD A HEARING.

 Decisions regarding the vacation of default judgments should

be "left to the sound discretion of the trial court, and will not

be disturbed absent an abuse of discretion." Mancini v. EDS, 132

N.J. 330, 334 (1993) (citing Court Inv. Co. v. Perillo, 48 N.J.

334, 341 (1966)); see also U.S. Bank Nat. Ass'n v. Guillaume, 209

N.J. 449, 467 (2012) (requiring "clear abuse of discretion")

(citations omitted). The movant bears the burden of demonstrating

the grounds to vacate a default judgment. Jameson v. Great Atl.

& Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003)

(citation omitted), certif. denied, 179 N.J. 309 (2004). Doubts

should be resolved in favor of the applicant in order to secure a

trial upon the merits. Davis v. DND/Fidoreo, Inc., 317 N.J. Super.

 7 A-5275-15T4
92, 100-01 (App. Div. 1998) (citation omitted), certif. denied,

158 N.J. 686 (1999).

 R. 4:50-1(d) governs a motion to vacate a default judgment

for lack of service. Notwithstanding actual notice of the suit,

a default judgment must nonetheless be set aside if there was a

substantial deviation from the service of process rules. See

Sobel v. Long Island Entm't Prods. Inc., 329 N.J. Super. 285, 293

(App. Div. 2000). Even absent such a substantial deviation, where

"'there is at least some doubt as to whether the defendant was in

fact served with process, . . . the circumstances require a more

liberal disposition of' the motion [to vacate a default judgment.]"

Davis, supra, 317 N.J. Super. at 100 (quoting Goldfarb v. Roeger,

54 N.J. Super. 85, 92 (App. Div. 1959)).

 In fact, where defective service has rendered a judgment

void, a meritorious defense is not required. Motions made under

R. 4:50-1(d) must be made within a "reasonable time" and are not

subject to the absolute one year time bar. R. 4:50-2. Thus, the

judge's decision, when viewed through the prism of applicable

precedent, was correct.

 Despite the sheriff's return of service of the information

subpoena, again seemingly placing Verna at the Sewell address,

Verna was never personally served with the complaint. This was a

substantial deviation from the service of process rules. Nor is

 8 A-5275-15T4
it dispositive that Verna knew about the lawsuit after service of

the information subpoena. See Sobel, supra, 329 N.J. Super. at

293. Verna mistakenly believed that his notation at the end of

the information subpoena explaining his relationship to Genco

would suffice to end the matter. In any event, his prior

knowledge, whatever it may have been, is not a barrier to the

court setting aside the default judgment.

 During his deposition, Verna testified that he had no

connection to the Lombardis, other than having acted as their

accountant and registered agent. He had never been to their home.

The estate position that Verna's deposition testimony was

insufficient to refute the sheriff's return of service of the

information subpoena simply lacks merit. No service of process

of the complaint was established. Nothing in the sheriff's

deposition regarding general office procedures in any way refuted

Verna's sworn testimony.

 Equally lacking in merit is the argument that Verna's delay

in seeking to vacate the judgment caused prejudice. The estate

contends that the alleged change of circumstances, namely Kelly's

death, is prejudicial. However, the change of circumstances does

not alter Verna's defense to liability. If Verna would not have

been liable, the delay would not be prejudicial and Kelly's death

has no effect on the estate's likelihood of success. The work was

 9 A-5275-15T4
performed by a corporation, and the estate would have had to have

pierced the corporate veil to establish liability on even the

Lombardis, which is no easy task. See e.g., Sean Wood v. Hegarty

Grp., Inc. 422 N.J. Super. 500, 517-519 (App. Div. 2011).

 Therefore, the judge's decision to render a decision before

receiving the sheriff's representative's deposition was not

unreasonable. He did not err by doing so. The judge's decision

to vacate the default was not an abuse of discretion and will not

be disturbed.

 Affirmed.

 10 A-5275-15T4