**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2448-17T1

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

     Plaintiff-Respondent,

v.

GEORGE MCCANTS,

     Defendant-Appellant,

and

ERIN MCCANTS; MRS. MCCANTS,
Wife of George McCants.,

     Defendant.

_____

Submitted February 11, 2019 – Decided March 6, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-015420-17.

George McCants, appellant pro se.

McCalla Raymer Leibert Pierce, LLC, attorneys for respondent (Brian P. Scibetta, on the brief).

PER CURIAM

The sole issue presented in this residential mortgage foreclosure case is whether the trial court erred in denying defendant homeowner's motion to vacate default, where lack of service, standing, and fraud in the loan's origination are claimed. Having considered the record in light of the applicable law, we affirm the trial court's December 15, 2017 order.

We glean the following facts and procedural history from the pleadings and the motion record. On October 30, 2006, defendant George McCants borrowed $199,200 from First National Bank of Arizona (First National Arizona), and signed a note memorializing the loan. The same day, defendant and his wife, Erin McCants[1] granted a mortgage for the same amount to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First National Arizona, securing his residence in Newark. The mortgage was duly recorded on November 22, 2006 in the Essex County Clerk's Office (ECCO).

---

[1] Plaintiff acknowledges codefendant Erin McCants "does not have a recorded ownership interest" in the property; only executed the mortgage and not the note; and "is not personally obligated to pay the sums secured by the mortgage . . . ." Because she is not a party to this appeal, we refer to defendant in the singular in our opinion.

A-2448-17T1

On February 27, 2009, defendant and Chase Home Finance, LLC, plaintiff's former servicing arm, executed a loan modification agreement, effective March 1, 2010. Defendant defaulted on the loan as of January 1, 2015. It is undisputed that plaintiff sent defendant a notice of intent (NOI) to foreclose the loan, and defendant failed to cure the default.

By assignment of mortgage executed on February 27, 2017, MERS assigned the mortgage to plaintiff (2017 assignment). The 2017 assignment was duly recorded on March 17, 2017 in the ECCO.[2]

The foreclosure complaint was filed on June 22, 2017, reciting the aforementioned history, and was served on defendant by a process server on June 26, 2017 at 4:40 p.m. The affidavit of service notes that service was effected by leaving a copy of the complaint with defendant's wife, Erin McCants, described as a thirty-seven-year-old black female with black hair, who is five feet ten inches tall and weighs 190 pounds.

On July 5, 2017, defendant filed a pro se[3] complaint in the Law Division against First National Arizona and MERS, alleging "fraud in [the] mortgage,

---

[2] For unspecified reasons, the record also indicates MERS assigned the mortgage to plaintiff on August 17, 2009, which was duly recorded in the ECCO on September 17, 2009.

[3] Defendant was self-represented throughout the trial court proceedings.

A-2448-17T1

. . . lack of standing/wrongful foreclosure, fraud in the concealment, fraud in the inducement, unconscionable contract, breach of contract, [and] breach of fiduciary duty."  Defendant did not, however, file an answer to the foreclosure complaint.  Accordingly, default was entered on August 10, 2017.

Before final judgment was entered, defendant filed a motion to dismiss the foreclosure complaint on September 7, 2017.  In its cogent statement of reasons accompanying an October 18, 2017 order denying the motion, the trial court initially noted the motion was procedurally defective because defendant had not first filed a motion to vacate default pursuant to Rule 4:43-3.

Nonetheless, the court considered defendant's motion "as if it were a motion to vacate default."  Finding defendant had not demonstrated any of his defenses had merit, the court denied the motion.  In particular, the court determined defendant failed "to rebut the presumption of valid service" where, as here, "[d]efendant presented nothing more than an unauthenticated driver's license and his uncorroborated statement to support his claim that service was defective."

Thereafter, plaintiff filed its motion for final entry of judgment.  The following day, defendant attempted to file an answer, which apparently was rejected by the clerk's office because defendant remained in default.  Defendant

A-2448-17T1

then filed a motion to vacate default judgment, claiming "defective service, . . . lack [of] standing, chain of title issues, fraud and collusion."

Following oral argument on December 15, 2017, the trial court noted that, because judgment had not been entered, defendant's application would be considered as a motion to vacate default. The court then reiterated its October 18, 2017 decision "that there was an insufficient basis to vacate the default based upon claims of improper service." Further, because the 2017 assignment preceded the filing of plaintiff's complaint, the court found plaintiff demonstrated standing. Finally, the court recognized that although defendant's fraud claim might be barred on statute of limitations grounds, defendant filed a separate action alleging fraud against the loan's originator in the Law Division.

In sum, although the trial court acknowledged motions to vacate default are granted "with great liberality[,]" it declined to grant such relief here, where defendant failed to provide new evidence to support any of his defenses "ranging from standing to fraud to misrepresentation." As such, defendant did not establish "good cause" under Rule 4:43-3.

On December 28, 2017, the court entered final judgment of foreclosure. This appeal followed. As stated in his brief, defendant raises the following points for our consideration:

I. THE TRIAL COURT ERRED IN BREACH OF DUTY TO CONTRACT LAW WITH UCC [§] 1-103.6.

II. THE TRIAL COURT ERRED IN DISMI[]SSING THE DEFECTIVE SERVICE.

We discern from defendant's merits brief that he claims the court erred in denying his motion to vacate default because the summons and complaint were not properly served, plaintiff did not have standing to file the foreclosure complaint, and the loan was fraudulent. Defendant has not appealed the court's finding as to the adequacy of the NOI, or entry of the final judgment of foreclosure.

We review the denial of a motion to vacate default based on an abuse of discretion standard. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Pursuant to Rule 4:43-3, a court may vacate entry of default upon "good cause shown." "[T]he requirements for setting aside a default under Rule 4:43-3 are less stringent than . . . those for setting aside an entry of default judgment under Rule 4:50-1." N.J. Mfrs. Ins. Co. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 360 (App. Div. 2009). "[G]ood cause . . . requires the exercise of sound discretion by the court in light of the facts and circumstances of the particular case." O'Connor v. Altus, 67 N.J. 106, 129 (1975) (citation omitted).

In considering whether good cause exists, courts generally consider the movant's "absence of any contumacious conduct" and the presence of a meritorious defense. Ibid. In particular, "the showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment . . . ." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2019). As with a motion to vacate a default judgment, there is no point in setting aside an entry of default if the defendant has no meritorious defense. "The time of the courts, counsel and litigants should not be taken up by such a futile proceeding." Guillaume, 209 N.J. at 469 (citation omitted). We have noted,

> This is especially so in a foreclosure case where the mere denominating of the matter as a contested case moves it from the expeditious disposition by the Office of Foreclosure in the Administrative Office of the Courts, R. 1:34-6 and R. 4:64-1(a), to a more protracted treatment by the Chancery Division providing discovery and raising other problems associated with trial calendars. If there is no bona fide contest, a secured creditor should have prompt recourse to its collateral.
>
> [Trs. of Local 478 Trucking & Allied Indus. Pension Fund v. Baron Holding Corp., 224 N.J. Super. 485, 489 (App. Div. 1988).]

Here, defendant claims the trial court erred by finding he was personally served with the foreclosure complaint. Specifically, he argues there were errors

in the affidavit of service regarding his wife's age, height, weight, "and [she] has brown hair as opposed to the affidavit describing her as having black hair" based on a driver's license.

To obtain personal jurisdiction, service of process must conform with the methods of service permitted by the Rules. See generally R. 4:4-4. Pertinent to this appeal, service is properly effected

> by causing the summons and complaint to be personally served within this State pursuant to Rule 4:4-3, as follows:
>
> (1) Upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein . . . .
>
> [R. 4:4-4(a).]

"[A] substantial deviation from service of process rules . . . casting reasonable doubt on proper notice" generally will render a default judgment void. Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003). However, a return of service consistent with Rule 4:4-7 "raises a presumption that the facts recited therein are true." Resolution Tr. Corp. v. Associated Golf Contractors, Inc., 263 N.J. Super. 332, 343 (App. Div. 1993)

(citation omitted). The presumption can be "rebutted only by clear and convincing evidence that the return is false." Id. at 344 (citation omitted). "[M]inor flaws in the service of process" are not enough to vacate a default judgment. Sobel v. Long Island Entm't Prods., Inc., 329 N.J. Super. 285, 292 (App. Div. 2000). Where there is "evidence 'tending to disprove' the presumed fact, the presumption disappears." Jameson, 363 N.J. Super. at 427 (citation omitted).

Here, defendant failed to demonstrate service was ineffective based on alleged errors concerning his wife's physical attributes in the affidavit of service. Rather, there is ample support in the record supporting the judge's finding that service was proper. For example, the address of the premises where service occurred is the same as that set forth in the note and mortgage. Defendant never gave notice he moved to another address, despite this requirement in the mortgage. Indeed, the record is devoid of a sworn statement by defendant's wife disputing she was served. See Goldfarb v. Roeger, 54 N.J. Super. 85, 90 (App. Div. 1959) (recognizing "uncorroborated testimony of the defendant alone is not sufficient to impeach the return"). On this record, we have no reason to disturb the trial court's finding that the homeowner failed to muster clear, convincing

9

proof sufficient to overcome the presumption that he was legally served with the foreclosure summons and complaint.

Nor do we discern any merit in defendant's standing argument. Plaintiff presented evidence of the assignment of the mortgage along with its recording before the foreclosure complaint was filed, satisfying the requirement that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Notably, defendant did not certify that any entity other than plaintiff sought repayment of the mortgage loan.

We have considered defendant's remaining arguments in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2448-17T1