> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0772-22

HIGH QUALITY IMPORTS, INC.,

    Plaintiff-Respondent,

v.

MAURO MOTORS, LLC,

    Defendant-Appellant,

and

JOSEPH MAURO,

    Defendant.

_____

Submitted January 18, 2024 – Decided May 2, 2024

Before Judges Accurso and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0092-21.

Ferrara Law Group PC, attorneys for appellant (Ralph Peter Ferrara and Noah A. Schwartz, of counsel and on the briefs).

Nemergut & Duff, attorneys for respondent (Paul J. Nemergut III, of counsel and on the brief; Jeffrey M. Zajac, on the brief).

PER CURIAM

In this breach of contract action, defendant-landlord Mauro Motors, LLC appeals from an order denying its motion to vacate default judgment in favor of plaintiff-tenant High Quality Imports, Inc., for return of its security deposit of $59,000.00. Defendant claims plaintiff failed to effect substituted service on it by certified mail in accordance with our service rules. Because a review of the record makes clear plaintiff failed to effect proper service on the LLC, we reverse.

## I.

On April 26, 2012, High Quality Imports, as tenant, and Mauro Motors, LLC, as landlord, executed a five-year commercial lease agreement with respect to property in Woodbridge. There is no dispute plaintiff vacated the property on or before the termination date in the lease and sought the return of its $59,000.00 security deposit. When defendant failed to return the security deposit, plaintiff sued to get it back.

In a certification accompanying his request for entry of default, plaintiff's counsel averred service of the summons and complaint was attempted by Guaranteed Subpoena on defendant at an address on Cross Road in Colts Neck

but was unsuccessful. Attached to the certification was Guaranteed Subpoena's notice form indicating service was unsuccessful because "THE ENTITY IS UNKNOWN AT THE GIVEN COLTS NECK, NJ ADDRESS. A SKIP TRACE IS RECOMMENDED."

Counsel certified service was thereafter effected on February 9, 2021, when plaintiff sent the summons and the complaint by certified mail return receipt requested to the Cross Road address. Counsel attached a green card receipt, along with a signature, though there was no printed name and the adjacent boxes for "Agent" and "Addressee" were left unmarked. Counsel certified he also served defendant at 611 Amboy Avenue, Woodbridge, defendant's address listed in the lease, by certified mail return receipt requested. Attached to counsel's certification was a photocopy of the postal tracking information confirming delivery was successful; however, the green card was returned unsigned and otherwise blank.

Counsel further certified the skip trace revealed a residential address on Princeton Lane in Colts Neck associated with Cecelia Mauro. Plaintiff claims Cecelia Mauro is Joseph Mauro's mother and is the president of Mauro Motors.[1]

Counsel certified plaintiff thereafter attempted to personally serve

---

[1] According to defendant, at no time was she authorized to accept service as its agent.

 A-0772-22

defendant with the summons and complaint at the Princeton Lane address. Attached to plaintiff's certification was Guaranteed Subpoena's notice form indicating service was unsuccessful, and marked "[e]vading."

Counsel certified he thereafter served defendant with the summons and complaint at the Princeton Lane address by certified mail. Attached to plaintiff's certification was a photocopy of the postal tracking information confirming the item was delivered on April 12, 2021; however, the green card was returned unsigned and otherwise blank.

The certification accompanying plaintiff's request for default did not reference Rule 4:7, and although noting the failure to make personal service, did not comply with the Rule's requirement of setting forth the facts of counsel's diligent inquiry to determine defendant's principal place of business or where an agent of defendant authorized to accept service on behalf of the LLC could be located.

On April 27, 2021, the clerk entered default against defendant. Plaintiff did not attempt to serve defendant with the request for entry of default or the entry of default as required under Rule 4:43-1. Thereafter, on June 24, 2021, plaintiff filed a notice of motion for default judgment and an accompanying certification pursuant to Rule 4:43-2, serving defendant by regular mail, in accordance with Rule 1:6 at the Princeton Lane address.

A-0772-22

The trial court entered final judgment by default against defendant as to liability. The court further ordered that a determination of the issue of damages would be reserved for trial and included a brief addendum stating "[h]aving reviewed the above motion, I find it to be meritorious on its face and it is unopposed. Therefore, pursuant to [Rule] 1:6-2, it is GRANTED substantially for the reasons set forth in the moving papers." Plaintiff did not serve the default judgment on defendant as required by Rule 1:5-2.

Plaintiff moved for judgment of $26,200.56 by affidavit, providing an accompanying certification pursuant to Rule 4:43-2. Plaintiff's counsel certified he served notice of the motion for judgment on defendant by regular mail at the Princeton Lane address. On October 8, 2021, the court entered an order denying plaintiff's motion for the entry of final judgment without prejudice and the matter was scheduled for a proof hearing on the issue of damages.[2]

By letter dated February 23, 2022, plaintiff provided notice to defendant of the proof hearing which was scheduled for March 17, 2022. The letter was addressed to Mr. Joseph Mauro in care of the law firm Venezia & Nolan P.C.,

---

[2] The proof hearing was initially scheduled for December 16, 2021 but was adjourned several times. It was finally heard on March 17, 2022. Plaintiff failed to serve defendant with any of the proof hearing notices but for the final adjournment to March 17, 2022.

"GN Venezia, Agent 306 Main Street Woodbridge, NJ 07095" and "Cecelia Mauro, President" at the Cross Road address."

On March 16, 2022, defendant filed a motion to set aside the entry of default and the default judgment pursuant to Rule 4:50-1(d). In support of the motion, Joseph Mauro provided a certification stating he had received notice of the proof hearing and learned of the pending litigation for the first time from an agent of the law firm of Venezia & Nolan, P.C. on March 5, 2022. The certification also indicated:

> 4. The first and only document Defendants received relative to this litigation was Plaintiff's letter dated February 23, 2022 which was apparently sent to the law firm Venezia & Nolan, P.C. and received by Defendants on March 5, 2022. See, Exhibit B.
>
> 5. At no time relative to this litigation has my usual place of abode been located at [the Cross Road address], 611 Amboy Avenue, Woodbridge, New Jersey or [the Princeton Lane address], nor has my business or employment been located there.
>
> 6. At no time relative to this litigation has Mauro Motors, LLC had a place of business located at [the Cross Road address], 611 Amboy Avenue, Woodbridge, New Jersey or [the Princeton Lane address.]

On April 11, 2022, Joseph Mauro filed a supplemental certification seeking to clarify his address, stating:

> 3. At all times relevant to the events relative to the within motion to vacate default judgment, specifically

6

regarding service of the summons and complaint and the other documents which Plaintiff claims to have served on me, I have resided at [an address in] Brick.[3]

Another judge denied defendant's motion to set aside the default judgment. In a written statement of reasons, the judge concluded the default judgment had been properly entered based on his finding that the prior judge had already determined that service of the complaint was proper. The judge also found defendant's arguments "unconvincing" and concluded that plaintiff "ha[d] established a connection between each of the addresses [] and the [d]efendants," and that defendant offered no proofs "beyond the self-serving statement that the only appropriate address is [the Brick address]" to establish plaintiff's service at the other addresses was improper. The judge further concluded the evidence "sufficiently support[ed] a finding that [defendant was] evading service" and that service was proper upon the mailing of the summons and complaint to defendant via certified mail return receipt requested at 611 Amboy Avenue, Woodbridge and the Princeton Lane address.

With the denial of defendant's motion to set aside the default judgment, the parties appeared before another judge on September 22, 2022 for a proof hearing on the issue of damages. Having found plaintiff sustained its burden

---

[3] He further averred the Brick address is the principal place of business of Mauro Motors.

with the respect to its breach of contract claim, the court entered judgment for $59,000.00, the full amount of the unreturned security deposit.

This appeal followed.

## II.

Rule 4:50-1(d) provides the court may relieve a party from a final judgment if it is void. "The decision whether to grant such a motion is left to the sound discretion of the trial court." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (alteration in original) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334, (1993)). However, "[a] default judgment will be considered void when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper notice." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) (citing Sobel v. Long Island Entm't Prod., Inc., 329 N.J. Super. 285, 293-94 (App. Div. 2000)). "If a judgment is void in this fashion, a meritorious defense is not required to vacate under the rule." M & D Associates v. Mandara, 366 N.J. Super. 341, 353 (App. Div. 2004).

"The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4–3[.]" R. 4:4–4(a). However,

> if personal service cannot be effected after a reasonable
> and good faith attempt, which shall be described with

8

specificity in the proof of service required by R. 4:4–7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant. . . . The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service. . . . Return of service shall be made as provided by R. 4:4–7.

[R. 4:4–3(a).]

Under Rule 4:4–7:

If service is made by mail, the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment. With the proof shall be filed the affidavit or affidavits of inquiry, if any, required by R. 4:4–4 and R. 4:4–5.

On appeal, defendant contends the trial court erred in denying its motion to set aside the default judgment. Defendant argues the judgment is void because it was never personally served with the summons and complaint. Plaintiff contends it was justified in serving defendant by mail, arguing it "made a reasonable and good faith attempt to serve the [defendant] personally at [the Cross Road address] and [the Princeton Lane address]," and that "any such notice [of the entry of default] would have been futile, given defendant's position

9

"that the three addresses at which service of process was attempted had no relationship to either [its] residence or business." Plaintiff further maintains "any alleged prejudice suffered" "represents a self[]created hardship, since their evasion of service of process . . . directly caused the situation[.]"[4]

Here, the primary question is whether plaintiff personally served defendant, consistent with the Rules of Court, and whether plaintiff filed a return of service explaining its efforts in adducing where the LLC could have properly been served.

From this record, it is undisputed that plaintiff made only one attempt to personally serve defendant at the Cross Road address on February 5, 2021, where Guaranteed Subpoena said defendant was unknown, prior to resorting to substituted service by mail. Critically, after purporting to serve defendant by substituted service, plaintiff failed to show "by affidavit . . . the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry," into the defendant entity's principal place of business or where an agent of defendant authorized to accept service could be located. Rule 4:4–7.

---

[4] Default judgment was also entered against Joseph Mauro, individually, though no argument was presented as to how defendant could be deemed personally responsible for the return of plaintiff's security deposit under the lease. Although plaintiff represented before the trial court that it was not pursuing that judgment, the judgment against Joseph Mauro, individually, should be vacated on remand.

The Rule is clear that the use of all service modes—other than personal service—must be supported by an affidavit of inquiry showing that the defendant cannot be personally served. See City of Passaic v. Shennett, 390 N.J. Super. 475, 483-84 (App. Div. 2007). The filing of an affidavit of inquiry is a jurisdictional requirement and, thus, a valid judgment cannot be entered based on alternative service when a diligent inquiry for the identity and location of the persons entitled to be noticed of the action is not set forth pursuant to Rule 4:4-7.

Thus, we conclude that service on defendant was improper and ineffective. We disagree with the court's conclusion that plaintiff "was forced to serve" the summons and complaint by certified mail after its first attempt at personal service or that service by certified mail was "sufficient and [did] not violate the Due Process rights" of defendant. Plaintiff, faced with failed personal service at the Cross Road address, was required to present by affidavit—within thirty-five days of the attempted substituted service—the facts of its diligent inquiry into how the LLC could not be personally served under Rule 4:4-4(a)(5), and how it determined the LLC was connected to any of the addresses where it attempted substituted service. See MTAG v. Tao Investments, LLC, 476 N.J. Super. 324, 339 (App. Div. 2023).

While plaintiff was not required to leave no stone unturned, Curcio, 444 N.J. Super. at 108, the "affidavit of inquiry . . . demand[s] more than cursory inquiries or recitals not only as a matter of due process, but also of fundamental fairness." M & D Associates, 366 N.J. Super. at 354. Plaintiff, faced with the difficulty of locating defendant LLC for personal service had an alternative to effectuate service as provided in our Rules, which it failed to employ. The service of process procedures in the Revised Uniform Limited Liability Company Act, N.J.S.A. (RULLCA), 42:2C-1 to -94, create an alternative method of effective service specifically for LLCs. See N.J.S.A. 42:2C-17(b). "Because RULLCA permits service on the State filing office, service may be effective on the LLC pursuant to N.J.S.A. 42:2C-17 even where personal service on an officer of the LLC is defective under Rule 4:4-4(a)(5)." MTAG, 476 N.J. Super. at 329. Thus, plaintiff inexplicably declined to use a service method that would guarantee effective service in favor of substituted service. This weighs heavily against finding plaintiff's service was proper.

We, therefore, reverse the order declining to vacate entry of default, vacate the orders entering judgment by default as to liability and entering judgment in favor of plaintiff-tenant, and remand to allow defendant to answer the complaint. We further remand for the court to vacate the judgment entered against Joseph Mauro individually. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0772-22