54 N.J. Super. 85 (1959)
148 A.2d 189
ABE GOLDFARB, TRADING AS A. GOLDFARB & SON, PLAINTIFF-APPELLEE,
v.
WILLIAM D. ROEGER, JR., DEFENDANT-APPELLANT, AND WILLIAM D. ROEGER, SR. (AND WILLIAM D. ROEGER, JR.), TRADING AS C.F. ROEGER & SON, AND C.F. ROEGER & SON, INC., A CORPORATION OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1959.
Decided February 3, 1959.
*87 Before Judges CONFORD, FREUND and HANEMAN.
Mr. Theodore Tarter argued the cause for appellant (Messrs. Hermann, Melnik and Lowengrub, attorneys).
Mr. Sam Weiss argued the cause for respondent (Mr. Jacob H. Bernstein, attorney).
The opinion of the court was delivered by FREUND, J.A.D.
This appeal is by one of the defendants below, William D. Roeger, Jr., from an order of the Superior Court, Law Division, denying for the second time, on rehearing, the defendant's motion to vacate and set aside a judgment by default entered on December 10, 1957 against William D. Roeger, Sr., and William D. Roeger, Jr., trading as C.F. Roeger & Son, and C.F. Roeger & Son, Inc. Roeger, Jr., seeks to have the judgment set aside as to him as void under R.R. 4:62-2(d) on the ground that he was never personally served with a summons and complaint and, as a result, the court lacked in personam jurisdiction over him. Garza v. Paone, 44 N.J. Super. 553 (App. Div. 1957). In the alternative, Roeger, Jr., aspires to have the judgment opened under R.R. 4:62-2(a) so that he may interpose a defense.
*88 In September 1952 young Roeger came out of military service and resumed work in his father's business, assisting in office administration and sales work. The firm of C.F. Roeger & Son was engaged in the building and construction trade and had been started by young Roeger's grandfather; this allegedly accounts for the "& Son" in the name. Roeger, Jr., at first received a salary of $85 per week which by 1957 had climbed to $135. Both father and son in their testimony vigorously deny that Roeger, Jr., was anything other than an employee in the firm. The firm became incorporated under the name C.F. Roeger & Son, Inc., on April 1, 1957. Roeger, Jr., is an officer, director and stockholder of this corporation.
The action here was brought to recover the balance owing on a sub-contract under date of November 6, 1956, pursuant to which plaintiff was to do the carpentry work in connection with the erection of a parish hall in Woodbridge, for which the Roeger firm had the general contract. Plaintiff's complaint, filed on October 31, 1957, named four parties as defendants: the two Roegers, individually, the firm, and the corporation. A deputy sheriff of Camden County, plaintiff contends, delivered a summons to Roeger, Jr., on November 8, 1957 at 644 Haddon Avenue, Collingswood, N.J., the old office of the dissolved C.F. Roeger & Son and present office of the corporation. On this date Roeger, Jr., resided at 345 Haddon Avenue. The sheriff's return of summons, signed by the deputy and filed on November 18, 1957, states that both Roegers and the registered agent of the corporation, William Dickey, Jr., Esq., were "duly served * * * personally" on November 8, 1957. The Roegers were stated to have been served at the 644 address; Dickey, at 122 Haddon Avenue.
None of the defendants answered the complaint, and on December 10, 1957 a judgment by default was entered in plaintiff's favor for $7,136.42, the balance claimed on the sub-contract.
Since January 1958 Roeger, Jr., has been attempting to have the judgment vacated as to him for lack of service. *89 In March 1958 his motion was denied, the matter having been disposed of upon conflicting affidavits tendered by Roeger, Jr., and the deputy sheriff. Young Roeger then moved for a rehearing on the ground that the facts contained in the affidavits were "diametrically opposed" and, under such cases as Missell v. Hayes, 86 N.J.L. 348 (E. & A. 1914); Vredenburgh v. Weidmann, 14 N.J. Misc. 285, 183 A. 459 (Sup. Ct. 1936), and Romano v. Maglio, 41 N.J. Super. 561, 573 (App. Div. 1956), resolvable only after an oral hearing.
At the oral hearing on April 25, 1958 Roeger, Jr., testified, in addition to the matters previously set forth, that on and for some time prior to November 8, 1957 (when the summons was delivered) he had been employed as a draftsman in an architect's office in Philadelphia; that he had not been present at 644 Haddon Avenue during business hours since September 23, 1957; and that consequently he could not have been served with the summons and complaint as the deputy stated in his affidavit. He testified he knew, from conversations with his father, that plaintiff had filed a complaint, but did not know he had been named as a party defendant until he attended a conference at his attorney's office, shortly after the entry of the default judgment. Roeger, Sr., testified to the same effect, explaining that he was bad on dates and memories and simply had not noticed that the summons handed him on November 8 included his son as a defendant. Upon cross-examination, plaintiff's counsel elicited that the defendant corporation filed a petition in bankruptcy some time in late 1957 or early 1958. The Roegers were the only witnesses to testify on behalf of either side.
The trial judge stated at the end of the hearing that he was "faced with a record" and needed "some rather convincing evidence to overcome that record." He concluded that Roeger, Jr., had failed to sustain the burden of proof and that the judgment would stand. This appeal followed.
"There is conflict of authority on the question of the conclusiveness of a return of process, some authorities holding that *90 it is conclusive between the parties as to all matters of which the return is evidence, whereas other authorities hold that it may be rebutted or impeached." 72 C.J.S. Process § 100, p. 1140.
In this jurisdiction, it is settled that the strict English common-law rule does not prevail, and the sheriff's return is not conclusive. Sweeney v. Miner, 88 N.J.L. 361, 366 (E. & A. 1915); C. & D. Building Corporation v. Griffithes, 109 N.J. Eq. 319, 323 (Ch. 1931); Atlantic Mortgage Co. v. Rosenfeld, 2 N.J. Misc. 861 (Ch. 1924). Although it is rebuttable, the sheriff's return is part of the record and raises a presumption that the facts as therein recited are true. Hotovitsky v. Little Russian Greek Catholic St. Peter & Paul Church, 78 N.J. Eq. 576, 577 (E. & A. 1911); Seymour v. Nessanbaum, 120 N.J. Eq. 24 (Ch. 1936) (set aside only on "clear and convincing" evidence that return is false); Blair v. Vetrano, 12 N.J. Misc. 462, 172 A. 604 (Sup. Ct. 1934) (evidence held insufficient); Vredenburgh v. Weidmann, supra, 14 N.J. Misc. at page 287 (entitled to every presumption of its correctness); 5 Wigmore, Evidence (3d ed. 1940), § 1664(b), p. 652. Cf. N.J.S. 2A:15-24. It is generally held that the uncorroborated testimony of the defendant alone is not sufficient to impeach the return. 72 C.J.S. Process § 102b, p. 1145.
The first question before us is whether or not the trial judge soundly determined that the defendant should be held to have been served. This requires a determination as to whether the evidence adduced at the oral hearing below is so "clear and convincing" as to impeach the sheriff's return of service and the affidavit in support thereof. As to this, we are not persuaded by plaintiff's argument that there is something "inherently improbable" in the Roegers' testimony to the effect that they knew a suit has been instituted but not against Roeger, Jr. The only plausible basis for holding it to be contrived is that Roeger, Sr., had been in business for a long time and, as a result, could be expected to have read more carefully the summons given him. The mere fact that the Roegers were interested in *91 the matter in controversy does not, in and of itself, compel the conclusion that they are unworthy of belief, see Ferdinand v. Agricultural Ins. Co., 22 N.J. 482, 496 (1956), and this is especially so when we consider the testimony that Roeger, Jr., is a "not ordained minister * * * of his own church * * *."
However, the principal reason, overlooked by plaintiff, for regarding the Roegers' case as suspect, is not that their own testimony was improbable or inconsistent, but rather that they failed to present at the hearing other witnesses presumably available to them who could have corroborated their version as to the whereabouts of Roeger, Jr., on November 8. In this connection, Roeger, Sr., testified that his daughter and two other employees were in the office on the day the deputy claimed to have served young Roeger personally. Nor has there been suggested any reason why young Roeger's employer or fellow-employees in Philadelphia were not produced to corroborate the contention that Roeger, Jr., was with them on the date in question. See Michaels v. Brookchester, Inc., 26 N.J. 379, 391 (1958); Snyder v. I. Jay Realty Co., 53 N.J. Super. 336 (App. Div. 1958).
On the other hand, we cannot in good conscience neglect to mention the obvious deficiencies in plaintiff's case. As noted, plaintiff produced no witnesses at the hearing but was, aside from cross-examination of the Roegers, content to rest upon two instruments: the sheriff's return of summons and the affidavit of the deputy submitted earlier in connection with young Roeger's first motion to vacate the default judgment. (Plaintiff did, however, introduce a number of the Roeger firm's letters and documents in an effort to establish that Roeger, Jr., even if aware that a suit was pending against him, could not have offered a meritorious defense to the action). Especially in view of the cases cited supra, holding the sheriff's return as not giving rise to a conclusive presumption and those holding an oral hearing to be the proper procedure by which to resolve such questions, we cannot discount plaintiff's unexplained failure to produce the deputy to establish the truth *92 of his return and to withstand the rigors of cross-examination, as did the Roegers.
In view of the inconclusiveness of the proofs, we are not prepared to substitute our own appraisal of the credibility of the witnesses for that of the trial judge. R.R. 1:5-4(b); R.R. 4:53-2. The trial judge did not state that he disbelieved the defendants; his conclusion that young Roeger had not sustained the burden of proof was undoubtedly due to his own uncertainty as to where the truth lay and to a determination that, in such a state of affairs, the sheriff's return outweighed defendants' affirmative testimony. We affirm the determination not to interfere with the record of service on Roeger, Jr.
Notwithstanding the foregoing, since there is at least some doubt as to whether the defendant was in fact served with process, we think the circumstances require a more liberal disposition of defendant's alternative application to have the judgment reopened so that he may interpose a defense. R.R. 4:62-2 calls for the exercise of a sound discretion by the trial judge, guided by equitable principles, and in conformity with the prescription that "any doubt should be resolved in favor of the application to set aside the judgment to the end of securing a trial upon the merits." Loranger v. Alban, 22 N.J. Super. 336, 342 (App. Div. 1952). See also Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27 (App. Div. 1951). In the present case, there is no question but that the motion to vacate was brought within a reasonable time after the entry of the default and that young Roeger's asserted defense to the effect that he as a mere employee was not liable for the firm's debts is not technical or frivolous. Compare Garza v. Paone, supra, 44 N.J. Super. at page 558; New Jersey Cabinet & Mill Co. v. Creedon, 24 N.J. Super. 553, 557 (Cty. Ct. 1953). All the circumstances of the case, taken with the fact that no great disservice is done plaintiff except for the delay in enforcing the judgment against this defendant, virtually compel the conclusion as a matter of equity that Roeger, Jr., be given his day in court.
*93 The judgment is reversed only for the purpose of giving Roeger, Jr., the opportunity of filing an answer and proceeding with the matter on the merits. The appellant is therefore directed to file an answer to the complaint within ten days from the filing of this opinion, costs to abide the event.
So ordered.