NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2446-15T3

TOWER LIEN, LLC,

 Plaintiff-Respondent,

v.

CARLOS CEPEDA,

 Defendant-Appellant,

and

WELLS FARGO BANK, N.A., RAMIN
GHOBADI, M.D. and STATE OF NEW
JERSEY,

 Defendants.
_____________________________

 Submitted May 30, 2017 – Decided June 15, 2017

 Before Judges Haas and Currier.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Passaic County,
 Docket No. F-14539-13.

 Carlos Cepeda, appellant pro se.

 Riker Danzig Scherer Hyland & Perretti, LLP,
 attorneys for intervenor-respondent Michael
 H. Tong (Michael R. O'Donnell, of counsel;
 Jorge A. Sanchez and John C. Kessler, on the
 brief).
PER CURIAM

 Defendant Carlos Cepeda appeals from the October 30, 2015

order denying his motion to vacate the final judgment of

foreclosure. We affirm.

 After defendant became delinquent on the real estate taxes

for property he owned, the property was acquired at a tax sale

auction in 2010 by Tower Lien, LLC (Tower). Defendant was advised

that Tower had acquired a lien and the actions he needed to take

to redeem the property. When the property was not redeemed, Tower

filed a summons and complaint to foreclose the tax sale

certificate. Although personally served with the complaint,

defendant did not file an answer or otherwise respond.

 A request to enter default was filed in June 2013. A

subsequent order setting the time, place and amount of redemption

was issued and mailed to defendant; however, he did not appear on

the set date to redeem the property. Final judgment was entered

on November 1, 2013. The property was subsequently sold and

transferred to a new owner, Michael H. Tong. Written notice was

provided to defendant of Tong's ownership of the property.1

1
 Defendant was living at the property at the time of Tong's
purchase. He continued to reside there during the pendency of
this litigation and made monthly rent payments to Tong.

 2 A-2446-15T3
 Almost two years after the entry of final judgment, in August

2015, defendant filed a motion to vacate the judgment pursuant to

Rule 4:50-1(d). He argued that he had been "in and out of the

count[r]y" and was unable to oppose the foreclosure complaint. He

further asserted that the final judgment should be rendered void

because the certification supporting the motion was executed by

Tower's attorney, not by an employee of the company.

 Tong moved to intervene in the matter and opposed defendant's

motion. Although advised of the date and time for oral argument,

defendant failed to appear in court. On October 30, 2015, the

trial judge granted Tong's motion to intervene and denied

defendant's motion to vacate the judgment. The judge found that

defendant's arguments were without merit and that he had failed

to provide any proofs that he had not been properly served with

the complaint.

 On appeal, defendant does not re-assert his argument that

Tower's certification was deficient; he argues instead, and for

the first time, that he was not properly served with the complaint.

Although we generally do not consider arguments raised for the

first time on appeal, Nieder v. Royal Indem. Ins. Co., 62 N.J.

229, 234 (1973), we recognize that the trial judge mentioned the

issue of personal service in her ruling. The judge noted the lack

 3 A-2446-15T3
of proofs presented on this issue and concluded that there was no

indication that service was improper.

 Defendant's argument lacks sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E). In his

appendix, defendant attached the process server's affidavit of

service, which notes that defendant was personally served on May

9, 2013 with the pleadings. He has presented no proofs to the

contrary. See Goldfarb v. Roeger, 54 N.J. Super. 85, 90 (App.

Div. 1959) (stating "uncorroborated testimony . . . alone is not

sufficient to" contest an affidavit in support of service).

 Affirmed.

 4 A-2446-15T3