**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1939-22

CITY OF NEWARK,

     Plaintiff-Respondent,

v.

GML, LLC,

     Defendant-Appellant.

_____

> Submitted September 10, 2024 – Decided October 16, 2024
>
> Before Judges Sumners and Susswein.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket Nos. F-017138-17 and F-008149-19.
>
> Beinhaker & Beinhaker, attorneys for appellant (Dore R. Beinhaker, on the brief).
>
> City of Newark Law Department, attorneys for respondent (Kenyatta K. Stewart, Corporation Counsel, attorney; Ariadna Peguero, Assistant Corporation Counsel, on the brief).

PER CURIAM

Defendant GML, LLC appeals a February 15, 2023 Chancery Division order denying its motion to vacate plaintiff City of Newark's final judgment in two foreclosure actions. Defendant argues plaintiff failed to properly serve it with notice of the foreclosures. Defendant also argues, for the first time on appeal, that in foreclosing defendant's properties to satisfy the outstanding tax liability, plaintiff violated the Takings Clause of the Fifth Amendment. After carefully reviewing the record in light of the arguments of the parties and governing legal principles, we affirm.

I.

We discern the following facts and procedural history from the record. In May 1998, Dore R. Beinhaker formed defendant GML on behalf of Adele Jones and his son, Gregory Jones. On August 13, 1998, defendant acquired title to two properties in Newark, on Johnson and Elizabeth Avenues. Adele and Gregory Jones' school bus company occupied the Johnson Street property.

Adele Jones suffered numerous health problems and eventually died on August 31, 2021, leaving his interest in GML to his wife. Gregory Jones also developed health problems, and the school bus company eventually went out of business. Defendant stopped paying property taxes in 2013.

2

In 2017 and 2019, plaintiff filed two separate in rem tax foreclosure actions for the properties. Plaintiff conducted a title search of the properties, revealing defendant as the holder of the deeds. The title search also revealed defendant's LLC report which provided the name and address of the corporation's registered agent, Dore Beinhaker.

Plaintiff sent the notice of foreclosure to each property's address as well as Dore Beinhaker's address in his capacity as defendant's registered agent. There was no return mail at the Elizabeth Ave. property, but United States Postal Service provided a signed delivery report confirmation for the Johnson Ave. property. Further, on July 27, 2017 and May 10, 2019 respectively, plaintiff published foreclosure notices in the Star Ledger, a newspaper of general circulation in Essex County. Notices were also posted in the tax collector's office, the county recording officer's office, and three other places within the municipality.

In October 2017 and August 2019, plaintiff obtained final judgments as the claims were uncontested. Plaintiff recorded the final judgments in the Essex County Register of Deeds & Mortgages and mailed a copy to defendant.

On June 13, 2022—more than three years after the entry of the final judgment of foreclosure—defendant moved to vacate the final judgments,

claiming it was never served with the complaint and therefore, it was unaware of the action. Chancery Judge Jodi Lee Alper heard oral argument and ultimately denied defendant's motion to vacate the final judgment on February 15, 2023.

This appeal followed. Defendant contends the judgments should be vacated and that it should be permitted to redeem the tax liability on the properties due to a failure to serve the proper parties. Defendant also contends plaintiff violated the Fifth Amendment Takings Clause.

II.

We first address defendant's contention that it was not properly served. Judge Alper found plaintiff complied with all service requirements prescribed in the relevant Court Rules and statutes.

The procedure for service of process in tax foreclosure cases is set forth in Rule 4:64-7. Foreclosing plaintiffs are required to comply with three notice requirements. First, the municipality must publish "a notice of foreclosure in a newspaper generally circulated in the municipality where the lands affected are located." R. 4:64-7(b). Within seven days of publication, the municipality must serve a copy on any owners or persons having ownership or lien interests in the property either in accordance with Rule 4:4-4(a)(1) or (c) or by "mailing to the

last known address by registered or certified mail, return receipt requested, and by ordinary mail." R. 4:64-7(c). Finally, within fifteen days of the publication of the notice, the municipality is required to post a copy in the offices of the county tax collector and recording officer, as well as in three "other conspicuous places within the taxing district." R. 4:64-7(d). Competent evidence in the form of an affidavit of service showing "compliance with the pertinent service rule" is "prima facie evidence that service was proper." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 426 (App. Div. 2003).

We are satisfied Judge Alper correctly found defendant was properly served in both foreclosure actions. Plaintiff published notice in the Star Ledger, a newspaper of general circulation in Essex County, in compliance with Rule 4:64-7(b). On August 2, 2017, plaintiff sent notice to five addresses associated with defendant, including the address of defendant's registered agent, Dore Beinhaker. "[C]ertified mail, return receipt requested, is a mode of service meeting due process requirements." Shannon v. Acad. Lines, Inc., 346 N.J. Super. 191, 197 (App. Div. 2001). Judge Alper found plaintiff established that it sent the notices of foreclosure to five different addresses by regular and certified mail and that it received a certified mail return receipt from two

A-1939-22

addresses. Furthermore, on August 4, 2017, plaintiff received signed confirmation from Dore Beinhaker that the notice was received.

Beinhaker claimed during oral argument before the trial court that his signature must have been "a fraud on somebody's part . . . somebody at the post office did something wrong." Defendant provides no corroborative support for this accusation. Judge Alper was not persuaded. Nor are we. In <u>Resol. Tr. Corp. v. Associated Gulf Contractors, Inc.</u>, we held "uncorroborated testimony of the defendant alone is not sufficient to impeach the return." 263 N.J. Super. 332, 344 (App. Div. 1993) (quoting <u>Goldfarb v. Roeger</u>, 54 N.J. Super. 85, 90 (App. Div. 1959)). Applying that test, we are not convinced the return receipt signature was forged.

Finally, plaintiff fulfilled its obligation to provide notice by posting notices of foreclosure in the municipal tax office, the county registrar's office, and in three other conspicuous locations. <u>R.</u> 4:64-7(d). In sum, on this record, we find no basis to overturn Judge Alper's conclusion that plaintiff complied with all service requirements.

III.

We turn next to defendant's contention that plaintiff violated the Fifth Amendment Takings Clause. As we have noted, this argument is raised for the

6

first time on appeal. An appellate court may consider allegations of errors or omissions not brought to the trial judge's attention if it meets the plain error standard under Rule 2:10-2. However, we generally decline to consider issues that were not raised below. See J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234-35 (1973). Articulated another way, "[r]elief under the plain error rule, R. 2:10-2, at least in civil cases, is discretionary and 'should be sparingly employed.' " Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)).

Aside from being raised for the first time on appeal, defendant's constitutional argument is comprised of a single sentence, which reads:

> In addition to the issue of not being served and due process, we respectfully submit that the result of [plaintiff] taking the properties in order to satisfy any outstanding tax liability (which they have refused to advise us of the amount) would result in the [d]efendant losing their equity which currently is the benefit of a sales contract for the property. [] See Tyler v[.] Hennepin County, Minnesota[][,] 598 U.S. [631] (2023).

That cursory argument is unpersuasive. Our analysis of Tyler shows that case does not support defendant's contention based on the record before us. In Tyler, the United States Supreme Court considered whether the county violated

7

the Takings Clause when it sold Tyler's home for $40,000 to satisfy a $15,000 tax bill and kept the remaining $25,000.  598 U.S. at 634.  The Court found the county's actions constituted a taking, and that Tyler, in forfeiting her $40,000 house to fulfill a $15,000 debt, "made a far greater contribution to the public fisc than she owed."  Id. at 647.

In the matter before us, there are no affidavits or other proofs as to the value of the properties in relation to the amount of taxes owed.[1]  Without anything in the record to establish surplus equity, we see no basis upon which to vacate the judgment.  Cf. 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 363, 366 (App. Div. 2023).  Moreover, we do not read Tyler or Roberto as precluding foreclosure sales to pay off outstanding tax liabilities.  Rather, the gravamen of these precedents is that local governments are prohibited from keeping for the "public fisc" any surplus equity following the court-ordered sale.  We decline to speculate that if there is surplus equity after the sale, plaintiff will keep it for itself rather than return the surplus to defendant.  To the contrary, we expect that in light of the clear rule announced in Tyler and

---

[1] We acknowledge defendant claims plaintiff has not "advised us of the amount" of the tax liability.  We do not understand how, at this stage of the litigation, a property owner could be unaware of the unpaid tax liability on its properties.

A-1939-22

recently buttressed in <u>Roberto</u>, plaintiff will pay heed to the restrictions imposed on county and municipal governments under the Takings Clause.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1939-22