**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0676-23

BRIAN HIGLEY,

    Plaintiff-Respondent,

v.

CAROL STONE and
SAM HADDAD,

    Defendants-Appellants.

_____

Submitted November 14, 2024 – Decided December 27, 2024

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3389-21.

De Marco & De Marco, attorneys for appellants (Michael P. De Marco, on the briefs).

Thomas A. Mc Carter, PC, attorneys for respondent (Paul Soon, on the brief).

PER CURIAM

Defendants, Carol Stone and Sam Haddad, appeal from the September 25, 2023 order, that denied their motion to vacate a judgment entered after the confirmation of an arbitration award. Because we conclude the judge misapplied the applicable court rules, we reverse and remand.

On May 24, 2021, plaintiff, Brian Higley, filed a complaint against defendants. Plaintiff alleged that on two separate occasions a dangerous condition on property defendants "owned, occupied, operated and/or maintained" caused him to fall and sustain injuries and damages. Defendants filed three motions to vacate default that was entered after their failure to answer the complaint. Ultimately, an order vacating default was entered. In a rider accompanying the order, the motion judge found defendants "set forth a meritorious defense as to the dangerous pavement condition." Defendants subsequently filed an answer to plaintiff's complaint.

The matter was scheduled for mandatory, non-binding arbitration. Two days prior to the arbitration, by email, plaintiff served his arbitration statement on defendants' counsel. In the ensuing email conversation, defense counsel inquired as to whether the arbitration hearing would be conducted "virtual or by phone" and was advised by plaintiff's counsel that the hearing would be conducted by phone. Further, plaintiff's counsel inquired as to whether defense

A-0676-23

counsel would use his "cell or office number" for the hearing and defense counsel stated he would use his cell.

The arbitration hearing was held on December 7, 2022. According to the "Report And Award of the Arbitrator[]," there were "no submissions or IME received from defendant – claims he cannot get in touch with his client." The arbitrator entered an award for plaintiff. Notice of the arbitration award was "electronically mailed" to both counsel by court staff.

On January 10, 2023, plaintiff filed a motion to confirm the arbitrator's award and enter judgment. The notice of motion was served by regular mail on defendants' counsel. The trial court granted the unopposed motion to confirm the arbitrator's award and entered judgment against defendants on February 13, 2023.[1]

In April 2023, defendants filed a motion to vacate the judgment. In support of the motion, Haddad certified these facts: defendants retained an attorney to represent them in this matter; thereafter defendants did not receive court notices or correspondence from plaintiff and relied solely upon the representations of the attorney; the attorney assured defendants he was

---

[1] The initial order confirming the arbitration award was executed February 3, 2023. However, it was amended to correct a typographical error.

A-0676-23

"handling the matter" and "no appearances were required"; defendants were unaware that the attorney "failed to appear at the [a]rbitration [h]earing" and that he did not oppose the motion to confirm the award to a judgment; on January 12, 2023—two days after plaintiff filed his motion to confirm the arbitrator's award and enter judgment—the attorney was indicted; after the indictment, the attorney misrepresented that the matter was being handled but failed to participate. Thus, defendants contended, because the attorney did not defend them, judgment was entered against them for $131,093.04.

On May 15, 2023, the trial court denied defendants' motion to vacate the order confirming the arbitration award. In an eight-page rider, the trial court found "that defendants (and their attorney) did not appear at the arbitration." In addition, the trial court determined that—despite defense counsel's "indictment for wire fraud and identify theft on January 12, 2023"—there was "nothing in the record which reveal[ed] how, if at all, that fact impacted the defendants' ability to appear at the scheduled arbitration and/or timely file a demand for de novo of the arbitration award entered [thirty-six] days prior to [the] indictment." The trial court found "[a]ttorney carelessness, lack of diligence, and inadvertence" did not provide "evidence of exceptional circumstances

warranting vacation of the arbitration award entered on December 7, 2022 and [the] judgment," relying on Hartsfield v. Fantini, 149 N.J. 611 (1997).

Thereafter, defendants filed another motion to vacate the judgment. In a June 2023 order, the trial court denied defendants' unopposed motion. The judge stated that defendants had "not provided a certification or any brief [or] argument providing any basis to support the motion [and] request for reconsideration."

Defendants filed a third motion to vacate the February judgment, this time under Rule 4:50-1. In a rider accompanying the September 25, 2023 order, denying relief, the trial court stated that defendants sought to vacate the arbitrator's award "based upon the failure of [d]efendants' prior counsel . . . to properly represent their interest during this matter." The judge concluded that the "[c]areless action, or inaction, of counsel d[id] not establish extraordinary circumstances warranting vacating the court's prior orders here."

In addition, the judge noted that "[t]o the extent that [d]efendants [we]re seeking reconsideration . . . the court f[ound] no basis whatsoever to reconsider its prior orders," under Rule 4:42-2 or Rule 4:49-2.

On appeal, defendants contend the judge erred in failing to vacate the February 2023 judgment, because defense counsel's: (a) indictment; (b) failure

to correspond with defendants, attend the arbitration, and respond to plaintiff's motion to confirm the arbitration award; and (c) assurances to defendants; presented:  (1) "good cause," for relief under Rule 4:21A-4; (2) "extraordinary circumstances," for relief under Rule 4:21A-6(b)(1); (3) a situation where "the sins of the lawyer" would be visited upon the "innocent client"; and (4) grounds for reconsideration under Rule 4:42-2 or Rule 4:49-2.

In addition, defendants argue the judge erred because plaintiff's motion to confirm the arbitration award was deficient as it was "absolutely silent as to any efforts . . . to serve [defendants] or [c]ounsel for [defendants] with a copy of the arbitration award" and the judge failed to address defendants' meritorious defense.

"Because this matter involves [the] interpretation of . . . court rules," we undertake a de novo review.  Vanderslice v. Stewart, 220 N.J. 385, 389 (2015). "We therefore accord no 'special deference' to the 'trial court's interpretation of the law and the legal consequences that flow from established facts.'"  Cherokee LCP Land, LLC v. City of Linden Plan. Bd., 234 N.J. 403, 414-15 (2018) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Nonetheless, factual "[f]indings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974). Therefore,

> "our appellate function is a limited one: we do not disturb the factual findings . . . of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice," Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963), and the appellate court therefore ponders whether, on the contrary, there is substantial evidence in support of the trial judge's findings and conclusions.
>
> [Ibid.]

Here, the judgment was entered following the mandatory arbitration of plaintiff's fall-down accident claims. See Rule 4:21A-1(a)(2). Rule 4:21A-4(f) governs the conduct of the arbitration and provides, in part:

> An appearance on behalf of each party is required at the arbitration hearing . . . . If a party defending against a claim of damages does not appear, that party's pleading shall be stricken, the arbitration shall proceed and the non-appearing party shall be deemed to have waived the right to demand a trial de novo . . . . Relief from any order entered pursuant to this rule shall be granted only on motion showing good cause, which motion shall be filed within [twenty] days of the date of service on the non-appearing party by the appearing party. Relief shall be on such terms as the court may deem appropriate, including litigation expenses and

7

attorney's fees incurred for services directly related to the non-appearance.

[(Emphasis added).]

"Good cause is difficult of precise delineation. Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Del. Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002). "Where . . . a reasonable basis exists for a [party]'s request and there is a good faith assertion of a meritorious defense, fundamental fairness requires the granting of the motion." Ibid.

When a "judgment arises from the defendant's default in failing to appear at the arbitration," ibid., "it is very much analogous to a default judgment where the rule is that a motion to vacate 'should be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached.'" Ibid. (quoting Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 99 (App. Div. 1998) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964) (quotation marks omitted))). Thus, a motion to vacate a default judgment—entered following mandatory arbitration—is treated like any other default judgment and "any doubt should be resolved in favor of the application to set aside the judgment to the end of securing a trial upon the

merits." Davis, 317 N.J. Super. at 100-01 (quoting Goldfarb v. Roeger, 54 N.J. Super. 85, 92 (App. Div. 1959)). Although in Addalia we did not specifically cite to Rule 4:50-1, we nonetheless relied upon our Rule 4:50-1 jurisprudence—Davis and Marder—to inform our approach.

However, when a party attends arbitration but fails to timely file their request for a trial de novo, the Court has established the "extraordinary circumstances" test to determine whether to relax the thirty-day rule. Ibid. "What constitutes an 'extraordinary circumstance' . . . require[s] a fact-sensitive analysis in each case." Ibid. The Court "emphasize[d] that the circumstances must be 'exceptional and compelling.'" Id. at 619 (quoting Baumann v. Marinaro, 95 N.J. 380, 393 (1984)).

The Court stated, "an attorney's failure to supervise staff or heavy workload [would] be insufficient to satisfy the 'extraordinary circumstances' requirement." Ibid. Further, "'extraordinary circumstances' . . . did not arise from an attorney's 'mere carelessness' or 'lack of proper diligence.'" Id. at 618 (quoting In re T., 95 N.J. Super. 228, 235 (App. Div. 1967)).

Here, the judge found that "the record reveal[ed] that defendants (and their attorney) did not appear at the arbitration." This finding is sufficiently supported by Haddad's certification.

A-0676-23

Plaintiff argues the "arbitration was held over the telephone with [counsel] present for" defendants and any assertion that defendants' counsel failed to appear is "flatly false" because, counsel "was aware of the arbitration" and participated in the arbitration, "causing the arbitrator . . . to write in the award, '[n]o submissions or IME records from'" defendants.

However, plaintiff's argument is unavailing. First, plaintiff did not file a cross-appeal regarding the trial court's finding that there were no appearances by defendants or counsel at the arbitration. The New Jersey Supreme Court has "held that a party, in order to attack the actions below which were adverse to him, must pursue a cross-appeal." Franklin Disc. Co. v. Ford, 27 N.J. 473, 491 (1958).

Second, Rule 1:6-6, requires:

> If a motion is based on facts not appearing of record or not judicially noticeable, the court may hear it on affidavits made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify and which may have annexed thereto certified copies of all papers or parts thereof referred to therein. The court may direct the affiant to submit to cross-examination, or hear the matter wholly or partly on oral testimony or depositions.

Here, the record is devoid of "affidavits made on personal knowledge" that detailed defense counsel's appearance at the arbitration.

10

Further, plaintiff's advocacy or argument does not transform unsupported facts into evidence.  See Palombi v. Palombi, 414 N.J. Super. 274, 290 (App. Div. 2010) ("deficiencies . . . evidentiary in nature, . . . c[an] not be cured at oral argument.").

Therefore, we do not disturb the trial court's factual finding that neither defendants nor their counsel were present at the arbitration.  With the lack of appearance firmly established, we part ways with the trial court's reliance on Hartsfield's "exceptional circumstances" test.

Instead, we focus on whether defendants established "good cause" under Rule 4:21A-4(f) and Addalia.  Viewing defendants' argument in an indulgent and liberal manner, as we must, we are satisfied Haddad's certification established "a reasonable basis" for their request.  Addalia, 349 N.J. Super. at 232.  Defendants were unaware of the arbitration hearing date and instead received assurances from their attorney that he was handling their matter.

Moreover, the trial court previously found the basis for a meritorious defense when it vacated default.  Under these circumstances, and for purposes of "good cause" under Rule 4:21A-4(f) only, we are satisfied defendants have made a "good faith assertion of a meritorious defense."  Ibid.

11

To the extent we have not considered any of defendants' remaining arguments, we deem them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0676-23