**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1242-23

SL RE1, LLC,

      Plaintiff-Respondent,

v.

ESTATE OF MICHAEL
WACHAW HOSHOWSKY,

      Defendant-Appellant,

and

LAKE PARSIPPANY PROPERTY
OWNERS ASSOCIATION, INC.,
and HOSPITAL & DOCTORS
SERVICE BUREAU, ASSIGNEE,

      Defendants.

_____

        Submitted May 13, 2025 – Decided May 27, 2025

        Before Judges Perez Friscia and Bergman.

        On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-004113-21.

Heymann & Fletcher, Esqs., attorneys for appellant (Alix Claps, on the briefs).

Boudwin Ross Roy Leodori, PC, attorneys for respondent (Rebecca D. Boudwin, on the brief).

PER CURIAM

In this tax sale foreclosure, defendant Estate of Michael Wachaw Hoshowsky[1] (Estate), appeals from the November 17, 2023 Chancery Division order denying its Rule 4:50-1 motion to vacate the final judgment entered in favor of plaintiff SL RE1, LLC[2] on June 22, 2022. Having reviewed the record, parties' arguments, and applicable legal principles, we affirm.

I.

In 1965, Michael (decedent) and his wife purchased property on Lake Shore Drive in Parsippany-Troy Hills. Decedent became the property's sole owner by deed dated March 22, 2007, which was recorded in the Morris County Clerk's Office on March 30. Decedent passed away in January 2012, and his

---

[1] As Michael Wachaw Hoshowsky and referenced family members share the same surname, we use first names to avoid confusion. We intend no disrespect by this informality.

[2] We refer to SL RE1 as plaintiff throughout this opinion because SL RE1's predecessor in interest, SLS 1, LLC, assigned all rights, title, and interests in the tax sale certificate. On April 28, 2022, the trial court granted SL RE1 substitution as plaintiff based on the perfected assignment.

wife predeceased him. He left a last will and testament naming executors and his two sons as beneficiaries, but no executor or beneficiary timely sought to probate his will or requested letters of appointment.

On June 14, 2018, Parsippany-Troy Hill's tax collector conducted a sale of tax certificates for delinquent 2017 property taxes and sewer charges. Plaintiff purchased tax sale certificate #18-0016 for decedent's property in the amount of $6,578.88. On December 12, 2018, plaintiff recorded its tax sale certificate in the Morris County Clerk's Office.

In July 2021, plaintiff served a pre-foreclosure notice of its intention to file a tax sale foreclosure complaint against decedent by regular and certified mail. The regular mail was not returned. On August 6, plaintiff filed a tax sale foreclosure complaint naming decedent as the sole titled property owner. On November 19, plaintiff served the summons and complaint on decedent's son, Dennis Hoshowsky, as a resident household member over 14 years of age. Dennis had identified himself to the process server as decedent's son. There is no evidence in the record that Dennis informed the process server that decedent had passed away in 2012.

On January 20, 2022, after no responsive pleading was filed, plaintiff moved for the entry of default. Thereafter, plaintiff moved for the court to set

the time, place, and amount of redemption. Plaintiff served this redemption motion by regular and certified mail. On February 18, the court granted the motion, set a redemption amount of $55,130.89, and fixed April 19 as the date of redemption at the Parsippany Troy-Hill's Tax Collector's Office. Plaintiff served the redemption order by regular and certified mail. The certified mail was claimed on February 22. Plaintiff published a copy of the order setting the time, place, and amount for redemption in a Morris County newspaper of general circulation on March 16.

Because redemption did not occur, plaintiff moved for a final judgment. On June 22, the court entered the final judgment, which plaintiff served by regular mail. The mail was not returned. Plaintiff recorded the final judgment on August 10. Relevantly, the property remained titled to decedent throughout the entire tax sale foreclosure action.

Almost one year after the court entered the final judgment, plaintiff conveyed the property by deed to a third party for $325,000. Roman Hoshowsky, decedent's other son, contacted plaintiff, alleging he only learned about the tax sale foreclosure on June 16, 2023, when a neighbor contacted him regarding a dumpster on the property. Plaintiff's closing date was June 26, and the deed was recorded on June 30.

4

Thereafter, Roman applied to the Morris County Surrogate's Court to be appointed as the Estate's administrator and represented that decedent died intestate. The surrogate court granted Roman letters of administration on September 8. On September 27, the Estate moved to recover its lost equity in the property that plaintiff received from the property's sale. Roman alleged plaintiff owed the Estate approximately $270,000 in equity. It was also revealed that decedent had in fact executed a will.[3] Roman acknowledged that decedent had died eleven years earlier, and no named executors or beneficiaries undertook "the responsibilities of administering the Estate." Roman alleged he obtained renunciations for his appointment. The Estate thereafter withdrew its motion.

On October 30, the Estate moved to vacate the final judgment under Rule 4:50-1(a), (d), (e), and (f). The Estate argued: it did not have actual knowledge of the tax sale foreclosure; the tax sale foreclosure proceeded in error; and there were exceptional circumstances. Further, because plaintiff sold the property after obtaining the final judgment, and a third party "extensively renovated" the property, the Estate argued the court should award it its lost equity pursuant to

---

[3] The record does not indicate whether Roman amended his application for letters of administration filed with the Morris County Surrogate's Court advising of the existence of a will and seeking to be nominated as the substituted administrator. See N.J.S.A. 3B:3-15 and -17.

A-1242-23

Tyler v. Hennepin County, 598 U.S. 631 (2023). On November 17, the court denied the motion, finding the Estate: had "not shown excusable neglect or provided a meritorious defense to the foreclosure"; and did not establish "that someone else had the authority to properly accept service" or demonstrate plaintiff's service on Dennis was not "in compliance with R[ule] 4:4-4." Additionally, it held that the retroactive application of Tyler should not be afforded under the present facts.

On appeal, the Estate contends the court erred in denying its motion to vacate the final judgment under Rule 4:50-1 because: plaintiff did not serve the Estate; and it is entitled to the retroactive application of Tyler because there was significant equity.

II.

We review a motion to vacate final judgment under Rule 4:50-1 for an abuse of discretion. 257-261 20th Ave. v. Roberto, 259 N.J. 417, 436 (2025). "A court abuses its discretion 'when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 262 (App. Div. 2024) (quoting Mims v. City of Gloucester, 479 N.J. Super. 1, 5 (App. Div. 2024)).

"The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to [Rule] 4:4-3." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting R. 4:4-4(a)). Rule 4:4-3(a) requires a summons and complaint "be served . . . by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation." The person serving the complaint and summons must submit proof of service in the form of an affidavit. R. 4:4-7. The return of service creates a "presumption that the facts recited therein are true." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 426 (App. Div. 2003) (quoting Resol. Tr. Corp. v. Associated Gulf Contractors, Inc., 263 N.J. Super. 332, 343 (App. Div. 1993)); see also Intek Auto Leasing, Inc. v. Zetes Microtech Corp., 268 N.J. Super. 426, 433 (App. Div. 1993) (finding that service by a process server authorized by the court is entitled to a presumption of validity). This presumption may only be rebutted by clear and convincing evidence establishing the return is false. Jameson, 363 N.J. Super. at 426.

A-1242-23

The New Jersey Tax Sale Law (TSL), N.J.S.A. 54:5-1 to -137,[4] "serves 'as a framework to facilitate the collection of property taxes.'"  In re Princeton Office Park L.P. v. Plymouth Park Tax Servs., LLC, 218 N.J. 52, 61 (2014) (quoting Varsolona v. Breen Cap. Servs. Corp., 180 N.J. 605, 620 (2004)). When a property owner fails to pay property taxes, the TSL grants the municipal government a "continuous lien" on the property for the unpaid taxes owed, in addition to any penalties and costs of collection.  N.J.S.A. 54:5-6.  "The [TSL] converts that lien into a stream of revenue by encouraging the purchase of tax certificates on tax-dormant properties."  In re Princeton Office Park L.P., 218 N.J. at 62 (quoting Simon v. Cronecker, 189 N.J. 304, 318 (2007)).  A tax sale certificate is created and sold when a municipality "enforce[s] the lien by selling the property as prescribed by [N.J.S.A. 54:5-19]."  Cherokee LCP Land, LLC v. City of Linden Plan. Bd., 234 N.J. 403, 415 (2018) (second alteration in original) (quoting Varsolona, 180 N.J. at 617).  "[B]y creating an alternate stream of revenue for delinquent taxes, and providing for tax foreclosures by private

_____

[4]  In July 2024, the New Jersey Legislature amended the state's tax foreclosure laws.  L. 2024, c. 39.  Effective July 10, the amendments apply "to any tax lien for which the right of redemption has not been foreclosed as of the effective date of this act."  L. 2024, c. 39 § 11.  Further, the "act shall have no effect on any foreclosure action in which a final judgment has been entered prior to the effective date of this act."  Ibid.

lienholders, the TSL enables municipalities 'to obtain the payment of . . . taxes without going into the real estate business.'" Roberto, 259 N.J. at 446 (quoting Varsolona, 180 N.J. at 618).

"Rule 4:50-1 provides for relief from a judgment [or order] in six enumerated circumstances." D.M.C. v. K.H.G., 471 N.J. Super. 10, 26 (App. Div. 2022) (quoting In re Est. of Schifftner, 385 N.J. Super. 37, 41 (App. Div. 2006)). Rule 4:50-1 states:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

Rule 4:50-2 provides that "[t]he motion shall be made within a reasonable time, and for reasons (a), (b) and (c) of R[ule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken." "[A] reasonable time is

determined based upon the totality of the circumstances." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021).

"[A] defendant seeking to reopen a default judgment because of excusable neglect must show that the failure to answer was excusable under the circumstances and that a meritorious defense is available." Id. at 298 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 284 (1994)); see also R. 4:50-1(a). "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 468 (2012) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 335 (1993)).

"If a judgment is void and, therefore, unenforceable, it is a particularly worthy candidate for relief [under Rule] 4:50-1(d)[,] provided that the time lapse is not unreasonable and an innocent third party's rights have not intervened." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). "A Rule 4:50-1(d) motion, based on a claim that the judgment is void, does not require a showing of excusable neglect but must be filed within a reasonable time after entry of the judgment." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012). A tax sale foreclosure judgment is typically void where service of

10

process on the property owner was defective.  See M & D Assocs. v Mandara, 366 N.J. Super. 341, 352-53 (App Div. 2004).  Further, "[i]f defective service renders the judgment void, a meritorious defense is not required to vacate the judgment under [Rule] 4:50-1(d)." Jameson, 363 N.J. Super. at 425.  "[W]here due process has been afforded [to] a litigant, technical violations of the rule concerning service of process do not defeat the court's jurisdiction." Romero, 468 N.J. Super. at 301 (quoting O'Connor v. Altus, 67 N.J. 106, 127-28 (1975)).  Accordingly, "not every defect in the manner in which process is served renders the judgment upon which the action is brought void and unenforceable." Ibid. (quoting Rosa v. Araujo, 260 N.J. Super. 458, 462 (App. Div. 1992)).

Under Rule 4:50-1(e), "the court may relieve a party . . . from a final judgment or order" when "the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application."  The Supreme Court stated, "In essence, the rule is rooted in changed circumstances that call the fairness of the judgment into question." DEG, LLC v. Township of Fairfield, 198 N.J. 242, 265-66 (2009).

11

Rule 4:50-1(f) is a "catch-all" provision incapable of categorization. Id. at 269-70. It allows for relief in "exceptional situations" where hardship has been shown and, as such, its "boundaries 'are as expansive as the need to achieve equity and justice.'" Roberto, 259 N.J. at 436 (quoting Hous. Auth. of Morristown, 135 N.J. at 290). We have further recognized "important factors" to be considered in deciding whether relief in such circumstances should be granted, including "(1) the extent of the delay in making the application; (2) the underlying reason or cause; (3) the fault or blamelessness of the litigant; and (4) the prejudice that would accrue to the other party." Parker v. Marcus, 281 N.J. Super. 589, 593 (App. Div. 1995).

## III.

As an initial matter, we recognize our review is limited to whether the Estate has established sufficient cause to vacate the final judgment. The Estate argues the court erred in failing to vacate the final judgment because plaintiff did not properly serve the Estate with: the complaint; the order setting the time, place, and amount of redemption; and the final judgment. We are unpersuaded.

Plaintiff perfected service of the tax sale foreclosure complaint on decedent's son Dennis at the property. While there is no dispute decedent passed away in January 2012, the property remained titled to decedent throughout the

12

A-1242-23

entire tax sale foreclosure litigation. The process server undisputedly served Dennis in November 2021, and Dennis was "a competent member of the household of the age of 14 or over then residing therein." Rule 4:4-4(a)(1). While Michael had passed almost ten years earlier, neither Roman nor Dennis—decedent's sons and beneficiaries—took action to retitle the property or perfect the Estate's administration. We also observe neither filed a notice of property interest with the Parsippany Troy-Hills tax collector to make known their property claim under N.J.S.A. 54:5-104.48, which provides that a party may file a property "claim thereon, or interest therein, . . . with the tax collector of the taxing district wherein such land is located, . . . stating his name, residence and post-office address and a description, . . . of the parcel of land in which such person has an interest." We concur with the court's finding that plaintiff "demonstrated . . . it provided service to one of the [d]ecedent's sons in compliance with [Rule 4:4-4]." Thus, the Estate has failed to meet its burden of rebutting perfected service. Jameson, 363 N.J. Super. at 426.

We also conclude plaintiff appropriately served the motions and orders regarding redemption and the final judgment on the Estate pursuant to the Court Rules. The Court Rules did not require plaintiff to personally serve the filed motions and entered orders on the Estate. Again, we note there was no

13

established estate to serve at the time, as the named executors, Roman and Dennis, failed to timely seek appointment to administer decedent's will.

Specifically, under Rule 4:64-1(f), "[t]he order for redemption or notice of the terms thereof shall be served by ordinary mail on each defendant whose address is known at least 10 days prior to the date fixed for redemption," and "[t]he court, . . . may enter final judgment upon proof of service of the order of redemption as herein required and the filing by plaintiff of an affidavit of non-redemption." It is undisputed plaintiff complied with the Rule, as it certified to mailing the order, which was delivered to the property on February 22. Plaintiff also published a copy of the order setting the time and place for redemption in a Morris County newspaper of general circulation. See Rule 4:64-1(f) (stating "[n]otice of the entry of the order of redemption, directed to each defendant whose address is unknown, shall be published in accordance with R[ule] 4:4-5(a)(3) at least 10 days prior to the redemption date"). After the court entered the final judgment, plaintiff served the judgment by mail as permitted under Rule 4:43-2(c) and Rule 1:5-2. Thus, we reject the Estate's argument that plaintiff could not proceed with its tax sale foreclosure until the Estate was established to accept service of the complaint for decedent's property. The Estate has cited no authority supporting this contention.

A-1242-23

We observe that Roman, the Estate's administrator, acknowledged knowing property taxes were due and that his brother, who he had a strained relationship with, was supposed to maintain the property. After decedent's death, the property taxes were paid through 2016. Because decedent's sons did not seek to probate his will and facilitate the administration of the estate, plaintiff could neither serve the Estate nor the surrogate under N.J.S.A. 3B:14-48 with relevant litigation documents. See also N.J.S.A. 3B:14-46.

"In foreclosure matters, equity must be applied to plaintiffs as well as defendants." Capital One, N.A. v. Peck, 455 N.J. Super. 254, 260 (App. Div. 2018) (quoting Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012)). We have long recognized that mere unsupported statements and "uncorroborated testimony of . . . [a] defendant alone is not sufficient" to reject the validity of the return of process. Resol. Tr. Corp., 263 N.J. Super. at 344 (quoting Goldfarb v. Roeger, 54 N.J. Super. 85, 90 (App. Div. 1959)). No evidence in the record refutes that plaintiff satisfied the statutory and rule requirements regarding service.

Having concluded that vacating the final judgment was unwarranted as a threshold matter because plaintiff was properly served, and due process was afforded, we reject the Estate's specific contention that under Roberto, it "is

15

appropriate, . . . for pipeline retroactivity to include this matter, as this case was still open for direct review." We note the Estate in its merits brief concedes that "[t]here is no disputing the accuracy . . . that 'full retroactivity would be unworkable and create a substantial hardship for taxing authorities, as well as third-party purchasers.'"[5] Further, in its supplemental brief, the Estate cites Roberto and argues that "pipeline retroactivity" should be "the absolute minimum standard."

Pipeline retroactivity is inapplicable to the present case because such retroactivity only applies to "cases still open on direct review" at the time the United States Supreme Court announced the decision. Roberto, 259 N.J. at 440 (quoting Harper v. Va. Dep't of Tax'n, 509 U.S. 86, 97 (1993)). "New legal principles, even when applied retroactively, do not apply to cases already closed." Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 758 (1995). The Estate's case was neither pending review at the time of Tyler nor was the Estate

---

[5] We note in Roberto, our Supreme Court did not "determine whether full retroactivity is warranted in other cases." 259 N.J. at 442 n.3. The Court "decline[d] to address or adopt the appellate court's analysis of" pipeline retroactivity. Ibid. Further, the Court did not decide "a related question" that had not been raised below on "whether a party may file a claim for just compensation alone when a foreclosure has been finalized and a taking of equity has already occurred, but the taking is within the relevant statute of limitations." Ibid.

a successful litigant in its underlying application. The Estate's filing of a motion to vacate a year after the entry of the final judgment does not place the present matter within the class of pending cases. It is clear that the court had jurisdiction to enter the final judgment, and the matter does not fall within the limited class of successful cases where the final judgment is voided because service was ineffective and due process was not afforded. See Rosa, 260 N.J. Super. at 463.

To the extent that we have not addressed the parties' remaining contentions, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

17

A-1242-23